**Larry Edgar BURKLOW, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 4416.**

Court of Civil Appeals of Texas, Eastland.

Oct. 30, 1970.

---

**954**

George T. Thomas, Big Spring, for appellant.

W. H. Eyssen, Jr., Big Spring, Bennie W. Bock, II, Asst. Atty. Gen., Austin, for appellee.

GRISSOM, Chief Justice.

Upon appeal and a trial de novo in the County Court, a summary judgment was rendered holding Larry Edgar Burklow guilty of driving a motor vehicle on a public street while his license was suspended and suspending his license for an additional period of six months. Burklow has appealed. He states the questions raised by his two points substantially as follows: whether the County Court on de novo appeal in a license suspension procedure under Article 6687b, can determine on motion for summary judgment, first, the licensee's guilt of driving a motor vehicle while his license was suspended and, second, the length of time the defendant's license should be additionally suspended, without a trial to determine his guilt and the length of time of the additional suspension. Appellant says the second question is one of first impression in Texas. We have found no case which decides it.

In a summary judgment proceeding the movant has the burden of producing summary judgment proof which establishes as a matter of law that there is no genuine issue of fact as to any essential element of its cause of action. Gibbs v. General Motors Corp. (Tex.Sup.), 450 S.W.2d 827, 828. Appellant did not produce any evidence. We hold that the Department made such proof.

The Department alleged that appellant drove a motor vehicle on a public street while his license was suspended, an offense for which, upon conviction, automatic suspension of his license results for the same period of time as the length of his first suspension. Article 6687b, Section 24(c). Prior to filing its amended motion for summary judgment, but after filing its original, the Department filed a motion for permission to remove the exhibits attached to its original motion and attach them to the amended motion, which motion was granted. Such supporting affidavits were on

file and in the papers of the case when the motion for summary judgment was heard. Such affidavits and others, including the affidavit of a custodian of the records of the Department, showed appellant's driving record, to which the Department's amended motion made specific reference. The Department established that appellant had his license suspended for six months and that he drove a motor vehicle on a public street while his license was suspended. It presented a certified copy of the order of the Justice Court suspending appellant's license and of appellant's driving record which showed that he so drove a motor vehicle during the initial period of suspension. No summary judgment proof was introduced by appellant. Without further detailing the facts, the Department established the guilt of appellant of driving a motor vehicle while his license was suspended for a period of six months.

■ The question stressed in appellant's able brief is that the length of time of the second suspension is a matter of discretion, that is, a question of fact to be determined by a court or jury and that it cannot be determined in a summary judgment proceeding. We think this is determined contrary to appellant's contention by the statute. Article 6687b, Section 24(c) provides:

"The suspension of any license shall be automatically extended upon licensee being convicted of operating a motor vehicle while the license of such person is suspended; such expended period of suspension to be for a like period as the original suspension, * * *."

We interpret the statute to mean, as applicable here, that when it was established that Appellant so operated a motor vehicle while his license was suspended for six months that the statute fixed the period of the second suspension at six months.

Appellant's points are overruled. The judgment is affirmed.