**DAIRY QUEEN OF DUNCANVILLE, INC., Appellant,**

v.

**Allen W. O'QUINN, Appellee.**

No. 18193.

Court of Civil Appeals of Texas, Dallas.

Nov. 8, 1973.

**890**

George McCleskey, Boyd, Veigel & Gay, McKinney, for appellant.

Fred J. Feigl, Allen, Feigl & Noah, Richardson, for appellee.

BATEMAN, Justice.

Appellant Dairy Queen of Duncanville, Inc. appeals from a summary judgment that it take nothing by its suit to compel reconveyance of certain land it had sold to appellee Allen W. O'Quinn. Appellant alleged that when it sold the land to appellee it was agreed that if appellee was unable or failed to build, open and operate "a Dairy Queen" on the property appellant "was to buy back" from the appellee the property in question. It seeks to establish a constructive trust on the property and prays that appellee be ordered to reconvey it to appellant.

In his motion for summary judgment appellee contended that the agreement for the sale was oral and, while denying that he agreed to reconvey the property, asserted that the alleged agreement was unenforceable as being in contravention of the Stat-

ute of Frauds, V.T.C.A., Tex.Bus. & Comm.Code Ann. § 26.01 (Vernon 1968).

Appellant filed the affidavit of its officer and owner Walter B. Kirk stating that since 1969 appellee had kept appellant's books by reason of which fact, and their friendship, a confidential relationship existed between them; that on or about May 2, 1972 it was agreed that appellant would sell and appellee buy the property; that "prior to the sale and purchase" it was agreed between them that if appellee "was unable or failed to build, open and operate a Dairy Queen on the property, he was to reconvey it" to appellant; that on or about May 23, 1972 appellant conveyed the property to appellee for an agreed price of $8,000; that within approximately ten days thereafter Kirk discovered that appellee had agreed to sell the property to one Kutner; that appellee has not built, established or operated a Dairy Queen on the property and has not offered to reconvey it to appellant.

■ Appellant seeks reversal on the ground that, since it sued to establish a constructive trust on the land by virtue of a confidential relationship between the parties, appellee has not carried his burden of showing by summary judgment evidence that there is no issue of fact as to one or more of the essentials of appellant's cause of action, citing Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.Sup.1970), and other cases announcing the same general rule. However, in our opinion this is not the type of case to which that general rule applies. Here, appellant sued on an admittedly oral agreement and sought thereby to have the court fix a constructive trust on the land. The summary judgment evidence established as a matter of law that the Statute of Frauds inhibited the action. In this situation, in our opinion, the *Gibbs* rule does not impose on appellee the burden to negative appellant's defensive plea of a constructive trust. On the contrary, the burden was on appellant to adduce evidence raising a fact issue concerning it. "Moore" Burger, Inc.

v. Phillips Petroleum Co., 492 S.W.2d 934, 936–937 (Tex.Sup.1972).

■ The only evidence it adduced was Kirk's affidavit, which merely established that appellee was his friend and appellant's bookkeeper. Of course, we recognize that both of these relationships may be, and usually are, of a confidential nature. There is no limit to the number of confidences two friends may share, and these may be of the most intimate nature. No one would doubt that the keeper of a businessman's records necessarily has access to and knowledge of details of his employer's business affairs which would be highly confidential. However, the mere existence of such relationship would not excuse non-compliance with the Statute of Frauds unless related to the transaction in some respect.

■ Even though appellant may have reposed in appellee some degree of confidence in connection with the keeping of appellant's books, or by virtue of the friendship between Kirk and appellee, that confidence is not shown to have been abused by appellee's failure to comply with the oral agreement. There is no evidence that appellee used to appellant's disadvantage any confidential information derived from such friendship or obtained in the course of keeping the books, or that appellee's bookkeeping duties were in any way related to the transaction in question. So far as this record shows, the contract for sale of the property was an arms-length transaction which had nothing to do with their friendship or with appellee's employment as bookkeeper. Consequently, there was no evidence of a confidential relationship with respect to the transaction in question which would give rise to a constructive trust.

As said in Thigpen v. Locke, 363 S.W.2d 247, 253 (Tex.Sup.1962):

Taking the testimony as a whole and most favorably to the respondents, we hold that in this case there is not such

evidence of justifiable trust and confidence as will create a fiduciary relationship. We may assume that respondents did trust Mr. Thigpen; they have testified so time and time again, but mere subjective trust alone is not enough to transform arms-length dealing into a fiduciary relationship so as to avoid the statute of frauds. Businessmen generally do trust one another, and their dealings are frequently characterized by cordiality of the kind testified to here. If we should permit respondents to set aside their conveyances on such slender evidence, the security of contracts and conveyances in this state would be seriously jeopardized.

See also the following language in Consolidated Gas & Equipment Co. v. Thompson, 405 S.W.2d 333, 336 (Tex.Sup.1966), which was a suit to impose a constructive trust upon an oil and gas lease:

Our holdings above cited are to the effect that for a constructive trust to arise there must be a fiduciary relationship before, and apart from, the agreement made the basis of the suit. Such is our holding here. As stated, the fact that one businessman trusts another, and relies upon his promise to carry out a contract, does not create a constructive trust. To hold otherwise would render the Statute of Frauds meaningless.

We must of course view the summary judgment evidence in the light most favorable to appellant; we must accept as true the statement in Kirk's affidavit that prior to the sale appellee agreed that if he was unable or failed to build, open and operate a Dairy Queen on said property he would reconvey it to appellant. Great Am. Res. Ins. Co. v. San Antonio Plumbing Sup. Co., 391 S.W.2d 41, 47 (Tex.Sup.1965). Even so, for the reasons given above we hold that no reversible error is shown.

Appellant relies on Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401 (1960). The court in that case cited and followed its own opinion in Fitz-Gerald v.

**892**

Hull, 150 Tex. 39, 237 S.W.2d 256 (1951). These cases are distinguishable from the case at bar. Both cases held that a constructive trust was shown, but in each case the parties were joint adventurers and were unquestionably in a confidential relationship relating to similar dealings in the past and reasonably calculated to affect the transaction in question. This does not appear in the case at bar.

In Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557 (1962), also relied on by appellant, there was testimony which raised a fact issue which a jury could resolve by finding that the parties, who had for several years engaged in acquiring oil and gas leases which they were to own jointly, were in such confidential relationship with each other that to deny the plaintiff the interest he claimed would result in unjust enrichment of the defendant. No such result is shown here.

All of appellant's points of error are overruled, and the judgment appealed from is affirmed.