Jack I. GAITHER et al., Appellants,

v.

Robert L. MOODY et al., Appellees.

No. 1215.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 8, 1975.

Rehearing Denied Oct. 29, 1975.

George D. Martin, Harris, Martin, Carmona, Cruse, Micks & Dunten, Galveston, Jack I. Gaither, Tulsa, Okl., for appellants.

V. W. McLeod, McLeod, Alexander, Powel & Apffel, Irwin M. Herz, Jr., Phipps, Smith & Herz, Galveston, Will D. Davis, Austin, for appellees.

TUNKS, Chief Justice.

This is an appeal from a summary judgment for the defendant in a fraud case.

The plaintiff in the trial court was Jack I. Gaither, a shareholder in Western Republic Life Insurance Company, a Texas corporation. The defendant in the trial court was Robert L. Moody. Moody was a director and major shareholder of Western Republic. In 1966 Moody was instrumental in the organization of Security National Life Insurance Company, an Alabama Corporation. Moody also was an officer, director and controlling shareholder of Security National.

In 1967 Western Republic was merged into Security National. Gaither's shares in Western Republic were voted in favor of the merger. Before the merger the management of Western Republic solicited proxies from its shareholders for the meeting at which a vote was to be had on the proposed merger. In the proxy statement accompanying such solicitation the assets of Security National were represented to have a value of $7,809,953.00. Of those assets a value of $4,240,977 was attributed to the equity of some land which was owned by the company in Brazoria County, Texas.

There was evidence that Moody had, in 1964, bought the equity in the Brazoria County land for $123,000. It was then subject to an outstanding lien of about $800,-000. When Security National was organized Moody conveyed to it the equity in land in payment for all but six of its 200,000 issued shares.

The proxy statement sent to the shareholders of Western Republic did not reveal that Moody had, a few years earlier, acquired for $123,000 the property which was valued in the statement as a $4,000,000 asset of Security National. Section 7.19 of the Texas State Board of Insurance Regulations, effective June 16, provides:

"Sec. 7.19. False or misleading statements. 1. No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing any statement which at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, *or which omits to state any material fact necessary in order to make the statements therein not false or misleading* or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading." [cf. Act. Sec. 14(a); Reg. 240.14a–9 (FBR Sec. 9)] (Emphasis added)

Tex.Rev.Civ.Stat.Ann. art. 581–33 provides:

A. Any person who

\* \* \* \* \* \*

(2) Offers or sells a security (whether or not the security or transaction is exempt under Section 5 or 6 of this Act) [3]by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made not misleading (when the person buying the security does not know of the untruth or omission, and who in the exercise of reasonable care could not have known of the untruth or omission) is liable to the person buying the security from him, . . . .

At the time of the merger Moody stood in a fiduciary relationship to both corporations, and, in the solicitation of their proxies, to the minority shareholders of Western Republic. *International Bankers Life Ins. Co. v. Holloway,* 368 S.W.2d 567 (Tex.Sup.1963). To be entitled to a summary judgment Moody had the burden of proving as a matter of law that there was no fact issue as to one or more of the essential elements of plaintiff's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.Sup.1970). Under those tests we hold that Moody did not discharge his burden of negativing, as a matter of law, fraud on his part. The trial court erred in granting his motion for summary judgment.

Reversed and remanded.