FARMERS' NAT. BANK et al. v. J. W. WALLACE & CO. (No. 2938.)

(Court of Civil Appeals of Texas. Texarkana. May 22, 1924.)

1. Trial ⬥223—Court's oral explanation of who was plaintiff and defendant after general charge held not erroneous.

After submission of general written charge, court's oral explanation of who were plaintiffs and who defendants in the action, on request by a juror, being covered in substance in the charge, was not within Vernon's Sayles' Ann. Civ. St. 1914, art. 1970, requiring written charge.

2. Jury ⬥90—Marriage of plaintiff's father with juror's grandmother did not disqualify juror.

Marriage of plaintiff's father to juror's grandmother created a mere affinity relationship not recognized by law, and not disqualifying the juror, since he was related by affinity to plaintiff's father but not plaintiff. ·

3. Limitation of actions ⬥66(9)—Return of check marked "Account closed" held to start running of limitations against action for deposit.

Bank's return of 95 cents check with notation "Account closed" is sufficient refusal to pay check to start operation of a two-year statute of limitations against the depositor's action to recover his deposit.

4. Limitation of actions ⬥66(9)—Bank's return of check on partner's "closed" account held not to start running of statute against action by partnership.

Where a depositor had a personal account, and one in his firm's name, and had closed the personal account, bank's return of a check apparently drawn on the personal account, with notation "Account closed," could not be treated as a refusal to pay checks drawn on the partnership funds, so as to start running of a two-year limitation statute against partnership suit to recover the deposit.

5. Limitation of actions ⬥66(9)—Depositor's demand for statements held not to start limitations running against action to recover deposit.

Depositor's demand, from time to time, for statements of deposits from the bank is not equivalent to demand for payment of deposit, nor was refusal equivalent to refusal of payment, so as to start running of a two-year statute of limitations against an action to recover the deposit.

Error from District Court, Delta County; Geo. B. Hall, Judge.

Action by J. W. Wallace & Co. against the Farmers' National Bank and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Love & Rutledge and W. M. Taylor, all of Dallas, for plaintiffs in error.

Joel H. Berry and C. C. McKinney, both of Cooper, for defendant in error.

---

HODGES, J. This suit was filed on September 21, 1920, by J. W. Wallace and S. F. Blair, doing business under the firm name of J. W. Wallace & Co., against the Farmers' National Bank and Ralph M. Love, its receiver, to recover the sum of $3,877.71 claimed as money deposited. The petition alleged deposits aggregating the sum of $37,705.80, against which there were proper charges amounting to $33,564.39. In answering to the merits the defendants, the Farmers' National Bank and the receiver, pleaded a general denial and the statute of limitation of two years. They also alleged that the bank held four notes against J. W. Wallace, which constituted valid charges against the balance sued for in this action.

The court submitted the following special issues:

"Question No. 1: Did the defendant bank convert or misapply any of the funds of J. W. Wallace & Company? Answer 'yes' or 'no.' Answer No. 1: Yes.

"Question No. 2: If you answer Question No. 1, 'yes,' then in what amount? Answer No. 2: $3,877.71 and interest and cost.

"Question No. 3: Did the plaintiffs execute or authorize the execution of the $720.71 note sued upon by defendant? Answer No. 3: No.

"Question No. 4: Did the plaintiffs execute or authorize the execution of the $250 note sued upon by the defendant? Answer No. 4: No.

"Question No. 5: Did the plaintiffs execute or authorize the execution of the $578 note sued upon by the defendant? Answer No. 5: No."

Upon the answers made judgment was rendered in favor of Wallace and Blair for the sum of $3,884.33.

[1] The first assigned error complains of a verbal explanation of the general charge made by the court, in response to an inquiry by a juror. The bill of exception presenting that assignment sets up that after the reading of the general charge the jury retired and reached a verdict in which they answered the questions regarding the execution of the notes in the affirmative; but being uncertain as to who were the plaintiffs and who were the defendants, as those terms were used in the charge, one of the jurors asked the court who were the plaintiffs and who the defendants. Thereupon the trial judge verbally, in open court, told the jury that the plaintiffs in the suit were J. W. Wallace and S. F. Blair, and the defendant was the Farmers' National Bank, so far as plaintiffs' claim is concerned, and that the plaintiff in the cross-action was the Farmers' National Bank, and the defendants in the cross-action were J. W. Wallace and S. F. Blair; but J. W. Wallace and S. F. Blair were the plaintiffs all the way through, and the Farmers' National Bank was the defendant all the way through. Upon receiving that explanation the jurors stated that they had not understood who were the plaintiffs

so far as the requested special issues were concerned, and asked that they be permitted to return to the jury room and correct their answers to the three special issues. They then retired and changed the answers to those issues from "yes" to "no," and then returned into open court the answers to those issues as stated above. Counsel for plaintiffs in error, being present, excepted to the action of the court in giving the verbal explanation. It is not contended that the explanation was misleading or incorrect. The objection is that it was not made in writing. We do not think such explanatory remarks are within the provisions of article 1970 of the Revised Civil Statutes which require the charge of the court to be in writing. The substance of what the court then told the jury was embraced in the written charge, which had been previously given and which the jurors then had in their possession.

[2] In their motion for a new trial the plaintiffs in error attack the legal qualifications of one of the jurors, upon the ground of relationship to one of the parties plaintiff in the suit. The bill of exception shows that when examined prior to being sworn in one juror, H. S. Brunson, stated that he was not related to any of the parties to the suit, and that it was thereafter ascertained that the father of S. F. Blair, one of the plaintiffs, had married the grandmother of the juror, Brunson. It is contended that this showed a relationship by affinity within the third degree. The objection is not tenable. The marriage of Blair's father to the juror's grandmother did not create any relationship recognized as such by law. The juror was related by affinity only to Blair's father, and there the relationship ceased; it did not extend to the children of Blair, Sr., by a former marriage. Johnson v. Richardson, 52 Tex. 481; Schultze v. McLeary, 73 Tex. 92, 11 S. W. 924; 16 R. C. L. p. 259.

[3, 4] Plaintiffs in error also contend that the evidence conclusively showed that the debt sued for was barred by the statute of limitation of two years. It appears that the claim is based upon deposits made from time to time in the Farmers' National Bank by Wallace to the credit of J. W. Wallace & Co. The record shows that Wallace had three accounts with the bank: One as J. W. Wallace, Personal; another, J. W. Wallace, Cotton; and the third, J. W. Wallace & Co. The evidence shows that the account of J. W. Wallace, Personal, was closed some time prior to the 12th day of August, 1918. On the date above mentioned Wallace gave a check drawn apparently upon his personal account, for 95 cents, upon which payment was refused. The check was returned with the notation, "Account closed." It is insisted that this refusal started the statute of limitation. That transaction occurred more than two years before the institution of this suit, and if the check was one drawn by J.

W. Wallace & Co. against their deposits the conclusion of counsel would be correct. But such is not the fact. The check was apparently drawn against the personal deposits of J. W. Wallace, and it was a fact that his personal account had been closed. That being true, the dishonor of that check could not be treated as a refusal to pay checks drawn against the partnership funds.

[5] It is also insisted that Blair, the partner of Wallace, made a demand for payment of a part of what the bank owed the firm, and was refused, more than two years before the institution of this suit. The evidence does not justify that conclusion. The record shows, according to Blair's testimony, that he never drew a check against the partnership funds upon which payment was refused until a short time before the institution of this suit. He and Wallace had both, from time to time, demanded statements from the cashier of the bank, but none was furnished. The demand for a statement from a bank is not the legal equivalent of a demand for payment, and the refusal of a statement is not in legal effect a refusal of payment. It is conceded that limitation does not begin to run against a claim for bank deposits until after demand and refusal of payment. In the absence of more satisfactory evidence, we are of the opinion that the court properly refused to render judgment in the plea of limitation. The judgment will therefore be affirmed.