**Opal Dent GIBBS et al., Appellants,**

v.

**GENERAL MOTORS CORPORATION,**
Appellee.

No. 4312.

Court of Civil Appeals of Texas.

Eastland.

Aug. 29, 1969.

Rehearing Denied Sept. 26, 1969.

Mullinax, Wells, Mauzy, Levy & Richards, John E. Collins, Fanning & Harper, Peter S. Chamberlain, Dallas, for appellants.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, for appellee.

COLLINGS, Justice.

This is a products liability case for damages which arose out of a two car collision. John W. Alexander originally brought suit against Opal Dent Gibbs and husband, James E. Gibbs, and General Motors Corporation. In addition to allegations of negligence against Opal Gibbs there were allegations in the alternative of an implied warranty of fitness and merchantability, negligence and res ipsa loquitur against General Motors Corporation as the manufacturer of the Chevrolet pickup truck driven by Mrs. Gibbs. It was alleged that the left front ball-joint unit on the pickup had disintegrated or come apart, causing the left front wheel 'to collapse, resulting in the accident and damages here involved. Thereafter both Alexander and the Gibbs filed a third party action against General Motors. General Motors filed an original answer and its first and second amended motions for summary judgment against Alexander and the Gibbs based upon the pleadings, depositions and affidavits on file. Its motion for summary judgment was granted and plaintiffs bring this appeal.

Both the Gibbs and Alexander appellants urge points contending that the court erred (1) in holding there was no evidence that the ball-joint unit in question was defective, and (2) in granting summary judgment in favor of General Motors.

■ Appellants' contention on this appeal is based upon the theory of strict tort liability. For strict tort liability to apply it is necessary for a plaintiff to show that the defect complained of existed at the time the product left the factory. In the recent case of Pittsburg Coca-Cola Bottling Works v. Ponder, 443 S.W.2d 546, (Tex. Sup.Ct., June 4, 1969), Chief Justice Calvert speaking for the Court states that "the prime requirement for imposing liability on a seller under the rule of strict liability is * * * defective condition in the product when it left the hands of the particular seller." It is further stated, in

effect, that the number of persons who had access to the product after the time it left the hands of the defendant is a material factor for consideration. The opinion also notes with approval the article by Dean Keeton on "Products Liability—Liability without Fault", which may be found in 41 Texas Law Review at Page 858, and states in part as follows:

"—courts that impose strict liability eliminating negligence as a requirement for recovery must adopt some rules or principles as a substitute for negligence as a delimiting principle. The method employed today is the requirement that there must have been a defect in the product as it left the hands of the manufacturer. This requirement remains the principle obstacle to a recovery."

In the Restatement of the Law of Torts (2nd Ed), Sec. 402A, Comment (g) the following statement is made concerning strict liability:

"The seller is not liable when he delivers the product in a safe condition, and subsequent mishandling or other causes make it harmful by the time it is consumed. The burden of proof that the product was in a defective condition at the time that it left the hands of the particular seller is upon the injured plaintiff; and unless evidence can be produced which will support the conclusion that it was then defective, the burden is not sustained."

See also Proctor & Gamble Manufacturing Company v. Langley, 422 S.W.2d 773 (Tex. Civ.App.1967, writ dis.)

■ Appellants correctly assert that the primary and controlling issue involved in this case is whether the summary judgment proof raises a fact issue concerning defectiveness of the upper left ball-joint unit on the Gibbs pickup at the time of the accident and at the time the truck left the General Motors factory. In determining this question circumstantial evidence is properly considered. McKisson v. Sales

Affiliates, Inc., 416 S.W.2d 787, (Tex.Sup. Ct.1967). Also a plaintiff's case may be established or a fact issue presented by a negation of other probable causes of an accident. Appellants contend that the record presents material fact issues which called for jury determination and that General Motors Corporation has not discharged its burden of showing that there were no material facts for determination. In our opinion the record including circumstantial evidence shows that appellee has discharged its burden and that no fact issue is presented.

The record shows that the accident in question is alleged to have occurred on February 12, 1965. Appellant Opal Gibbs was operating a 1961 Chevrolet pickup truck, driving south on Elam Road at a speed of 20 to 25 miles per hour. The pleadings and proof are undisputed that the pickup had been purchased by Mr. and Mrs. Gibbs in October of 1963 as a used truck from Libbys' Coach Sales in Dallas, and that after the accident the pickup showed to have been driven some 35,000 miles. The truck had previously belonged to Mr. and Mrs. J. W. Revel who had purchased it as a new vehicle from Beard's Chevrolet Company in Augusta, Arkansas. The Revels state in their affidavit which was introduced by appellants that the pickup was not during the time of their ownership involved in any accidents, and that they never had any trouble with or were required to make any repairs to the left front ball suspension unit during that time. They further stated that they subsequently sold or traded the pickup to Libbys' Coach Sales of Dallas, Texas, and that the pickup was then in good working and driving condition.

The dates of the acquisition of the pickup by Beard Chevrolet Company, their sale to the Revels, and of the sale by the Revels to Libbys' Coach Sales are not shown. There is no showing of what happened or did not happen to the truck while it was in the possession of Beard's, nor any showing concerning from whom Beard's obtained it.

■ The motion of appellee General Motors Corporation for summary judgment was supported by the pleadings of the parties, the depositions of the Gibbs and the affidavits on file. Appellee filed in support of its motion the affidavit of Marvin Miller, an investigator who examined the ball-joint unit of the Gibbs' pickup after the accident. He stated that he did not observe any defects in the motor vehicle or in its ball-joint unit attributable to the manufacturer; that the design of the system was common throughout the automotive industry and that there were no misaligned or faulty parts; that the failure of the unit was a result of general wear and improper lubrication, and not the result of a defect in manufacture. This evidence was proof that plaintiffs had no cause of action under the theory of strict liability for tort because it shows that the defect complained of did not exist at the time the pickup left the factory. Appellants then had the burden of going forward with evidence of like quality to show an issue of fact on the question. Statham v. City of Tyler, 257 S.W.2d 742 (Tex.Civ. App.1953, n. r. e.); Schepps v. American District Telegraph Co., 286 S.W.2d 684 (Tex.Civ.App.1955, no writ history); Eubanks v. Hughes Engineering Company, 369 S.W.2d 49 (Tex.Civ.App.1963, ref. n. r. e.). Appellants did not bring forward any such evidence.

Appellants did not present affidavits or statements from anyone at the motor company which repaired the pickup. No affidavit or statement from anyone who saw the ball-joint unit or related parts after the accident supports appellants' contention that the unit was defective at the time it left General Motors factory. The only proof from anyone who examined the ball-joint after the accident is contained in the above noted affidavit of the appraiser, Marvin Miller.

■ Appellants rely upon the affidavit of Frank James, a mechanic, to show that some defect in the ball-joint unit was probably a cause of the failure or mal-

function. James never saw the ball-joint unit. He states in his affidavit that he had been advised by appellants' lawyer that a 1961 Chevrolet pickup was involved in an accident in Dallas on or about February 12, 1965; that one of the causes of the accident was due to the failure of a ball-joint unit on the left front wheel of the pickup; that he was further informed that Mr. and Mrs. Gibbs had no mechanical trouble with the pickup prior to the accident and had had no trouble with the left front wheel of the pickup prior to the accident; that they had never noticed the front end of the pickup shimmying when they drove it and that the pickup had never been involved in an accident during the time they owned it. James stated that based on these hearsay facts related to him by appellant's attorney and on his experience with ball-joint suspension units it was his opinion that some defect in the ball-joint unit was probably a cause of the failure of such unit, thereby causing the wheel to collapse on the pickup. He further stated that such a failure does not normally occur after use for only 35,000 miles as in the instant case. It is noted that James did not express an opinion that the ball-joint unit had been defective at the time it left the factory, but only that some defect in the unit was probably a cause of its failure. It is also noted that James' affidavit shows that what appellant's attorney told him does not include anything concerning the prior history and use of the truck, nor anything about its lubrication, nor anything as to the appearance and condition of the ball-joint unit after the accident.

In our opinion the pleadings, depositions and affidavits on file show that appellants had no cause of action against appellee, and do not furnish any basis for a fact finder to determine that the ball-joint unit in question was defective at the time it left General Motors factory. The record considered in its most favorable light to appellants shows no more than a possibility that the unit may have been defective at

such time. It does not negate other probable causes of the accident. This does not present a fact issue which would be a basis for appellants' recovery on the theory of products liability. The court did not err in granting appellee's motion for a summary judgment. Roach-Bissonnett, Inc. v. Puskar, 417 S.W.2d 262, (Tex.Sup. Ct., 1967); Proctor & Gamble Mfg. Co. v. Langley, supra; Courtois v. General Motors Corporation, 37 N.J. 525, 182 A.2d 545 (1962); Brown v. Ford Motor Co., D.C., 287 F.Supp. 906; Shramek v. General Motors Corporation, 69 Ill.App.2d 72, 216 N.E.2d 244; Markwell v. General Tire and Rubber Company, 7 Cir., 367 F.2d 748; Holley v. Central Auto Parts, 347 S.W.2d 341 (Tex.Civ.App.1961, ref. n. r. e.); Heaton v. Ford Motor Company, 435 P.2d 806 (Oregon Sup.Ct., 1967).

Appellants particularly rely upon the recent case of Sharp v. Chrysler Corporation, 432 S.W.2d 131 (Tex.Civ.App.1968, ref. n. r. e.). That case is distinguishable from the instant case in that in Sharp the accident occurred about seven months after the motor vehicle left the hands of the manufacturer. Here the period of time between the sale by the manufacturer and the accident was more than four years. The Sharp car had been driven only 1600 miles at the time of its accident and here the pickup truck had been driven more than 35,000 miles. More important still is the fact that the proof showed the brake drum on the Sharp car had not been involved, that the damage to the internal parts of the Sharp car did not appear to have been externally caused and it appeared that the immediate cause of the brake failure was the complete displacement of the adjusting unit. Here there is nothing in the record concerning the appearance and condition of the ball-joint unit after the accident showing that it was defective. There is no affidavit from anyone in the motor company which repaired the pickup. The only affidavit from anyone who examined the ball-joint unit after the accident not only fails

to support but is contrary to appellants' contention on this point.

Darryl v. Ford Motor Company, 440 S.W.2d 630, (Tex.Sup.Ct.), was a suit for damages under the products liability theory because of defective brakes on the plaintiffs' truck. The brake had suddenly failed when the driver attempted to stop behind a car which had slowed down in front of him. The evidence showed that the brakes had worked perfectly up until the time of the accident and no repairs had been necessary; that the working system was defective in that the push rod would bend under application of pressure in the operation of the braking mechanism and that the push rod did bend when the driver of the truck applied the brakes in an effort to stop and avoid a collision. Our Supreme Court held in the Darryl case that the fact that the push rod would bend to such an extent that it would not activate the braking system was an unreasonably dangerous condition, and that the proof made out case of strict liability in tort. The case, however, is likewise distinguishable from the instant case because of the large difference in mileage, time of use and proof concerning the condition of the parts of the motor vehicle in question as shown by an examination of such parts after the accident. In the Darryl case the truck was bought in June of 1965 and the collision occurred in August of 1965. The mileage on the truck at the time of the collision was only six or seven hundred miles and most of it occurred during the 72 hours immediately preceding the accident. After the accident the push rod which showed to be bent was removed and replaced and it was found that no other repair was necessary.

As heretofore indicated appellants' seek to recover on the basis of products liability. An essential element of their case under this theory is a showing that the ball-joint unit in question was defective at the time it left appellee's factory. The record considered in its most favorable light to appellants does not raise a fact issue which

would support a finding in their favor on this essential element of their case. Summary judgment was, therefore, properly granted to appellee, General Motors Corporation.

The judgment is affirmed.