Opal Dent GIBBS et al., Petitioner,

v.

GENERAL MOTORS CORPORATION,
Respondent.

No. B–1801.

Supreme Court of Texas.

Feb. 11, 1970.

Mullinax, Wells, Mauzy & Collins, John
E. Collins, Fanning & Harper, Peter S.
Chamberlin, Dallas, for petitioner.

Strasburger, Price, Kelton, Martin &
Unis, Royal H. Brin, Jr., Dallas, for re-
spondent.

CALVERT, Chief Justice.

This suit was by John W. Alexander
against Opal Dent Gibbs and husband,
James E. Gibbs, and General Motors Cor-
poration for damages for personal inju-

ries sustained in a collision between an automobile driven by Alexander and a pickup truck, manufactured by General Motors and driven by Mrs. Gibbs. The Gibbs filed a third party action against General Motors. The trial court severed the claims against General Motors, granted General Motors' motion for summary judgment and, as to it, rendered judgment that Alexander and the Gibbs take nothing. The court of civil appeals affirmed. 445 S.W.2d 589. Only the Gibbs filed an application for writ of error. As to them, we reverse the judgments of both courts and remand the cause to the trial court.

The effort to impose liability on General Motors was based on the theory of strict liability in tort. It was alleged that the left front ball-joint unit on the pickup was defective, and that it had disintegrated or come apart, causing the left front wheel to collapse and the pickup to swerve into the Alexander automobile.

The court of civil appeals put the question before it in this language (445 S.W.2d at 590):

"Appellants correctly assert that the primary and controlling issue involved in this case is whether the summary judgment proof *raises a fact issue*[1] concerning defectiveness of the upper left ball-joint unit on the Gibbs pickup at the time of the accident and at the time the truck left the General Motors factory."

Pointing out that an essential element of appellants' case was proof that "the ball-joint unit in question was defective at the time it left appellee's factory," the court of civil appeals concluded (445 S.W.2d at 593):

"The record considered in its most favorable light to appellant *does not raise a fact issue* which would support a finding in their favor on this essential element of their case."

The two quotations illustrate a basic fallacy frequently found in the approach of some of our courts to the matter of rendering or affirming a summary judgment in favor of a defendant. In such cases, the question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action. The last sentence of paragraph (c) of Rule 166–A, Texas Rules of Civil Procedure, governs. It provides:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, *show that,* except as to the amount of damages, *there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*"

The provisions of Rule 166–A are applicable alike to defendants and plaintiffs who move for summary judgment; the judgment sought should be granted, and if granted should be affirmed, *only* if the summary judgment record establishes a right thereto as a matter of law.

Affirmance of the trial court's summary judgment in this case was rested primarily by the court of civil appeals upon an affidavit of Marvin Miller, an investigator who qualified as an expert on automobile failures and who examined the ball-joint unit of the pickup after the accident. In his affidavit Miller gave it as his opinion "that the wheel had actually come loose before the accident occurred and that this was the result of a ball joint failure," and stated: "The upper ball joint came apart, threw the entire weight on the lower ball joint and steering arm and

---

1. Emphasis ours throughout unless otherwise indicated.

when the parts broke, the wheel came off the vehicle throwing it out of control." The remainder of Miller's affidavit testimony is summarized by the court of civil appeals as follows (445 S.W.2d at 591):

"He stated that he did not observe any defects in the motor vehicle or in its ball-joint unit *attributable to the manufacturer;* that the design of the system was common throughout the automotive industry and *that there were no misaligned or faulty parts; that the failure of the unit was* a result of general wear and improper lubrication, and *not the result of a defect in manufacture.*"

Having thus summarized the remainder of Miller's affidavit, the court concluded:

"This evidence was proof that plaintiffs had no cause of action under the theory of strict liability for tort because it shows that the defect complained of did not exist at the time the pickup left the factory. Appellants then had the burden of going forward with evidence of like quality to show an issue of fact on the question."

We disagree with the quoted conclusion. Miller's statement that the failure of the ball-joint unit "was a result of general wear and improper lubrication, and not the result of a defect in manufacture," is nothing more than expert opinion testimony; and, as we pointed out in Broussard v. Moon, 431 S.W.2d 534, 537 (Tex.1968), opinion testimony of this character, adduced in support of a motion for summary judgment, does not establish the fact as a matter of law in cases of this type. As to the probative force of opinion testimony, see also Luttes v. State, 159 Tex. 500, 324 S.W.2d 167, 189 (1958); Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181, 185 (1951); Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345 (1948). Inasmuch as the affidavit testimony of Miller did not establish as a matter of law that a defect in the ball-joint did not exist when the pickup left the factory,

the plaintiffs did not have the burden, to avoid summary judgment, of going forward with evidence of like quality. See Tigner v. First Nat. Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85 (1954). Having so held, we do not concern ourselves with the probative force of the summary judgment evidence tendered by the plaintiffs.

General Motors cites Markwell v. General Tire & Rubber Company, 367 F.2d 748 (7th Cir. 1966), in support of its contention that expert opinion evidence will support a summary judgment unless the opposing party adduces evidence showing that there is a genuine issue for trial. The holding in *Markwell* was based upon a provision of the Federal summary judgment rule not to be found in our Rule 166–A, and the decision is not, therefore, persuasive.

The judgment of the court of civil appeals affirming the trial court's judgment that Alexander take nothing from General Motors is left undisturbed. The judgments of the court of civil appeals and the trial court that the Gibbs take nothing is reversed and the cause is remanded to the trial court.

WALKER, J., not sitting.