Roosevelt **NELSON**, Appellant,

v.

The **AETNA CASUALTY AND SURETY COMPANY**, Appellee.

No. 7320.

Court of Civil Appeals of Texas, Beaumont.

March 2, 1972.

Brown, Elliott, Vetter & Denton, Dallas, for appellant.

Bailey, Williams, Westfall & Henderson, Dallas, for appellee.

STEPHENSON, Justice.

This is an appeal from an order granting plaintiff's motion for summary judgment. The parties will be referred to here as they were in the trial court.

Plaintiff, Aetna Casualty and Surety Company, brought this action against defendant, Roosevelt Nelson, for damages for breach of contract. Plaintiff's petition contained these allegations: Defendant was injured in the course of his employment when involved in an automobile-truck collision with Sam Lee on January 2, 1969. Defendant made a claim for workmen's compensation benefits against plaintiff, his employer's compensation carrier, which was settled for the sum of $3,000 and which was paid by plaintiff to defendant. A third party claim was then made against Floyd West & Company who was Sam Lee's liability insurance carrier. A settle-

ment agreement was made by plaintiff, defendant, and Floyd West & Company whereby plaintiff agreed to reduce its claim by $500 which was to go to defendant. Floyd West & Company issued a check in the amount of $3,962.46 payable jointly to plaintiff, defendant, and defendant's attorney. Defendant and his attorney refused to endorse the check, thereby breaching the settlement agreement.

Plaintiff filed its motion for summary judgment stating that there was no genuine issue of fact to be determined and referring to affidavits of Harvey Vibrock and Derol Todd on file. The affidavit of Harvey Vibrock showed in substance the following: He was plaintiff's senior claim representative and had handled the settlement of defendant's compensation claim. Such settlement was $3,000 after paying $260 in weekly compensation and $702.46 for medical expenses. He notified Floyd West & Company of plaintiff's subrogation claim in the amount of $3,962.46. He agreed with defendant's attorney and the Floyd West & Company representative to reduce plaintiff's claim by $500 to go to defendant in full settlement of the claim defendant had against Sam Lee's liability carrier. Later, he received a letter from defendant's attorney informing him that the draft in payment of such settlement would not be negotiated unless plaintiff reduced its claim fifty percent. He did not agree to such reduction.

The affidavit of Derol Todd was in substance as follows: He was a supervisor of plaintiff's claim department and familiar with the negotiations with Floyd West & Company and that generally the facts stated in the Vibrock affidavit were true.

Defendant then filed an amended answer in which he made these allegations: Subsequent to his injury on January 2, 1969 (the Sam Lee collision), defendant suffered two more compensable on the job injuries while working for the same employer. Defendant made separate claims for all three injuries with the Industrial Accident Board and appealed all three awards separately to the District Court of Dallas County. By agreement, all three cases were consolidated and settled for $3,000. The total amount of $3,962.46 paid by plaintiff represents the total amount paid as weekly compensation and medical expenses for the three separate injuries. The settlement made with Floyd West & Company in the sum of $7,500 was for injuries and damages which resulted solely by reason of the January 2, 1969 collision with Sam Lee.

Defendant filed an answer to plaintiff's motion for summary judgment stating a genuine issue of fact existed and attached affidavits of G. Frank Brown and Richard C. Guinan. The affidavit of Brown shows the following, in substance: He represented defendant in all matters involved in this suit. He filed a claim with the Industrial Accident Board for the injury defendant received in the collision with Sam Lee on January 2, 1969. While that claim was pending, defendant returned to work for the same employer and suffered two additional injuries for which claims for compensation were made. All three claims were appealed and separate suits filed. The three suits were consolidated and then settled for the sum of $3,000. Thereafter, settlement negotiations were commenced with the representative of Floyd West & Company in defendant's common law damage suit against the Estate of Sam Lee, Deceased, and settled for $7,500. Efforts were made to negotiate a settlement with plaintiff as to its subrogation claim without success. Plaintiff was asked to reduce its claim fifty percent but plaintiff would not agree to more than a $500 reduction.

The affidavit of Guinan was to the effect that he is an attorney and assisted Brown in the negotiations in these matters and confirmed the Brown affidavit.

Harvey Vibrock made an additional affidavit to the effect that he made an agreement to settle the plaintiff's compensation intervention claim in the Sam Lee matter with Floyd West & Company for $3,962.46.

The judgment entered by the trial court contained this recitation:

"[A]nd counsel having stipulated between themselves that $778.40 of the Workmen's Compensation Medical and Off-time benefit paid to ROOSEVELT NELSON as a result of a collision with Sam Lee amounted to $778.40."

The judgment ordered that plaintiff recover from defendant the sum of $3,778; that defendant recover $184.06 of the total sum of $3,962.46; and further ordered defendant and his attorney to endorse the draft from Floyd West & Company.

One of defendant's points of error is that the trial court erred in ruling as a matter of law that plaintiff could recover the full amount of the subrogated compensation benefits paid on all three compensation claims from the agreed settlement made in the third party action against the Estate of Sam Lee. This point is sustained.

Plaintiff, being the movant, had the onerous burden on this motion for summary judgment of establishing as a matter of law that there was no genuine issue of fact as to any of the essential elements of the defense alleged by defendant. Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex.Sup.1970). This plaintiff failed to do.

When we consider this question first from the standpoint of an attempt to enforce an agreed settlement (as alleged by plaintiff), the affidavits in our record reveal a disputed fact issue as to whether any such agreement was ever made.

Next, when we consider this question from the standpoint as to whether plaintiff is entitled to recover under its subrogation rights, it would have been incumbent upon plaintiff to prove as a matter of law that the full amount paid to defendant in the settlement agreement was upon the "Sam Lee Accident" and no part was paid upon the other two compensation claims. This defendant failed to do.

Reversed and remanded.