**H. G. BRELSFORD & ASSOCIATES,**
Appellant,

v.

**BANKSTON RENTALS, INC., Appellees.**

No. 5206.

Court of Civil Appeals of Texas, Eastland.

Nov. 2, 1978.

---

Charles H. Clark, Tyler, for appellant.

Fred Weldon, Law Office of Marvin R. Thomas, Dallas, for appellees.

BROWN, Justice.

This is a summary judgment case. H. G. Brelsford & Associates seeks damages against Bankston Rentals, Inc. and Mercedes-Benz of North America, Inc., for violations of the Texas Motor Vehicle Installment Sales Act. After granting plaintiff's motion for a nonsuit as to Mercedes-Benz, the trial court granted Bankston's motion for summary judgment. Brelsford appeals. We reverse and remand.

The issue for determination is the construction of instruments entered into between Brelsford and Bankston which provided for the leasing and subsequent right of acquisition of one 1975 Mercedes-Benz automobile by Brelsford from Bankston.

After nine monthly rental payments had been made, the car was extensively damaged by fire. Bankston repossessed it after Brelsford allegedly defaulted on the rental and took no action toward repair of the car or collection of the insurance claim. The car was sold for salvage for $8,350 after the insurance carrier paid $6,922.14. Brelsford was credited with the total amount received and under the terms of the lease agreement

was mailed a check from Bankston for $3,972.66 which Brelsford did not cash. Bankston contends it has discharged its responsibility under the terms of the agreement, it being only a lease.

Brelsford disagrees contending that the agreement of the parties consisted of more than one instrument and was subject to the Texas Motor Vehicle Installment Sales Act. He argues that the time price differential charged exceeded that authorized by the Act and thus he was entitled to twice the time price differential charged plus reasonable attorney's fees.

The Texas Motor Vehicle Installment Sales Act, art. 5069–7.01 et seq. provides in part:

> "*Retail Installment Contract*" or "Contract" means a contract entered into in this State evidencing a retail installment transaction. The term *includes* a chattel mortgage, conditional sale contract, security agreement and a contract in the form of a bailment or *a lease if the* bailee or *lessee contracts to pay as compensation for use a sum substantially equivalent to or in excess of the value of the motor vehicle sold and it is agreed that the* bailee or *lessee is bound to become*, or, for no further or a merely nominal consideration, has the option of becoming, *the owner of the motor vehicle* upon full compliance with the provisions of the bailment or lease . . . . (Emphasis ours)

The trial court, in its judgment, recites in part:

> Specifically, the court finds and concludes that the lease agreement dated January 10, 1975, upon which plaintiff's causes of action are based is a lease and not a sale and that the statutes, both federal and state, upon which plaintiff relies, apply only to sales of goods and not to leases
>
> . . . .

Brelsford urges that the court erred in granting the summary judgment because there was a genuine issue of fact as to whether the contract between the parties was a sale or lease.

The court in *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970) considering the matter of rendering or affirming a summary judgment in favor of a defendant said:

> In such cases, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. . .

The parties concede, and the summary judgment proof establishes, that the original instrument executed between the parties was a standard open end leasing agreement. However, Brelsford signed an instrument on the date he signed the "lease" which provided, "Said lease agreement obligated the lessee to purchase said vehicle at the expiration of the lease and the agreed cost to the lessee (excluding finance, lease and other non-taxable charges) is $3520." Three days later Brelsford signed another instrument which was accepted by J. O. Davis, lease manager for Bankston, which provided:

> I agree to purchase the 1975 Mercedes Benz from Bankston Rentals, Inc. for $3,520.00 at the end of the lease.
>
> After 24 months and 24 payments, I have the option to purchase the car and terminate the lease for $6,212.00.

The court in *Board of Ins. Com'rs v. Great Southern Life Ins. Co.*, 150 Tex. 258, 239 S.W.2d 803 (1951) said:

> It is a generally accepted rule of contracts that "Where several instruments, executed contemporaneously or at different times, pertain to the same transaction, they will be read together although they do not expressly refer to each other." 17 C.J.S. Contracts § 298, p. 714. The rule is followed by the courts of this state. *Miles v. Briggs et al.*, Tex.Civ. App., 18 S.W.2d 850 (writ dism.); *Veal et al. v. Thomason*, 138 Tex. 341, 159 S.W.2d 472; 10 Tex.Jur., p. 286, sec. 166. . .

We hold the inconsistent language of the instruments creates a question of fact as to

the intention of the parties concerning whether Brelsford is obligated to purchase the Mercedes-Benz automobile and whether or not he had agreed to pay as compensation for it a sum substantially equivalent to or in excess of the value of the vehicle. Bankston has, therefore, failed to discharge its summary judgment burden.

The judgment is reversed and the cause remanded.