Barry Edward BOENKER et ux., et al., Appellants,

v.

AMERICAN TITLE COMPANY, Appellee.

No. B2161.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 7, 1979.

Kenneth C. Kaye, League City, C. H. Duvall, Roma, for appellants.

William C. Ferebee, Ervin A. Apffel, Jr., McLeod, Alexander, Powel & Apffel, Galveston, for appellee.

Before COULSON, JUNELL and SALAZAR, JJ.

JUNELL, Justice.

Appellants, Barry Edward Boenker and wife Annita Marie Boenker (hereinafter Boenker), purchasers, sued appellee, American Title Company, in County Court No. 2 of Galveston County, seeking damages for wrongful failure to close a real estate transaction.

Appellant Jimmie Haley, the seller, filed a separate suit against American Title Company, seeking damages resulting from reliance on material misrepresentations allegedly made by Linda Dunn, the title company closer, in connection with the same real estate transaction made the basis of the Boenker suit. On motion of American Title Company the two suits were consolidated. The two petitions remained separate pleadings and alleged different causes of action. However, both Boenker and Haley seek damages as a result of Haley's allowing Boenker to move into the house prior to the closing of the transaction.

American Title Company's motion for summary judgment was based on the grounds that 1) the purchase money loan was never funded by the lender, 2) all parties had actual knowledge at the November 9, 1977 scheduled closing that the lender had refused authority to fund the loan and 3) the earnest money contract between the parties expressly provided that possession by the buyer before loan funding established a landlord-tenant at sufferance relationship between the parties. American Title Company contended in its motion for summary judgment and again contends here that the above stated facts entitle it to judgment as a matter of law as against both Boenker and Haley.

The trial court sustained American Title Company's motion for summary judgment and entered judgment denying appellants any recovery. From that decision appellants prosecute this appeal.

The following facts are undisputed. In a written earnest money contract Haley agreed to sell and Boenker agreed to buy the subject property, a house and lot in Clear Lake Shores in Galveston County. Boenker deposited with POZ Realty, the real estate agent, the sum of $100.00 earnest money, as called for by the contract. A copy of the earnest money contract was delivered to American Title Company with the request that that company handle the closing and issue a title insurance policy. The closing was scheduled for November 9, 1977, and was to be completed by "table funding," meaning the seller was to be paid at closing. On November 9, 1977, before the parties went to the office of American Title Company for the closing, Haley began moving her things out of the house and Boenker began moving a few items in. At the closing Haley signed the deed and Boenker signed the note and deed of trust in favor of Regional Investment of Texas, Boenker's mortgage lender. After all the papers were signed, the closer for the title company telephoned the mortgage company to secure authority to fund the loan. The mortgage company refused authority to fund the loan because of some unspecified problem they needed to work out with the Veterans Administration, which was to guarantee the loan. The title company closer was told that the mortgage company would call the title company when funds could be released. The closer reported this development to the parties, who were still in the title company office at that time.

After the parties left the title company office on November 9, 1977, Haley finished moving out of the house and Boenker finished moving in. Thereafter, when it became obvious that the sale could not be consummated, the parties entered into a short term lease and cancelled the earnest money contract.

In addition to the facts above recited Boenker's petition contains allegations that at the scheduled closing the title company closer notified Boenker and Haley that there were defects in the title and, therefore, the money involved in the transaction could not be disbursed.

Affidavits of Mr. and Mrs. Boenker were filed in opposition to the title company's motion for summary judgment. In those affidavits Mr. and Mrs. Boenker stated that at the closing, after the Boenkers had

signed all the papers, they asked Ms. Dunn, the closer, if they could now move into the house. They allege that Ms. Dunn told them that they could and that they did.

Even if we assume, as we must in passing on the propriety of the summary judgment against Boenker, that Ms. Dunn made the alleged statements at the title company closing, we hold that as a matter of law the Boenkers had no cause of action against American Title Company under their pleadings and all of the summary judgment proof.

While the contract provided for the delivery of possession at closing, it further provided that any possession by buyer prior to loan funding shall establish a landlord-tenant at sufferance relationship between the parties. The contract also provided for the issuance of a title insurance policy guaranteeing the buyer's title to be good and indefeasible.

█ The title company had no obligation to close the transaction if it was not prepared to issue such a title policy. The duty of a title company was explained recently in the case of *Tamburine v. Center Sav. Ass'n*, 583 S.W.2d 942 (Tex.Civ.App.-Tyler 1979, no writ). The court in that case held that the title company does not act as an agent of either the purchaser or the seller in supervising the transfer of property, but acts exclusively for its own benefit and protection in assessing the risk it will assume upon the issuance of title insurance. It is without dispute that the seller, Haley, did not have good and indefeasible title and that the transaction was never closed by the title company because of defects in the title and because the lender never authorized loan funding. Under these facts the title company was under no duty to close and fund the transaction. Appellant Boenker has sued solely on the "failure to close a transaction" ground. The Boenkers pleaded for the return of the note and deed of trust signed by them and the return of $100.00 earnest money. Their own pleadings indicate that the earnest money was not deposited with the title company, but with the real estate agent, and the record

reveals no proof that the appellee ever acted as escrow agent for those funds. The summary judgment proof of the appellee corroborates the Boenker's pleadings that no money was ever disbursed on the loan, thus no liability on the note ever attached, and the Boenkers incurred no legal obligation to repay. The trial court was correct in granting appellee American Title's motion for summary judgment against Boenker and Haley on the action for failure to close a real estate transaction because there were no genuine issues of material fact. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). Appellee was entitled to judgment as a matter of law on that issue, and that portion of the trial court's judgment is affirmed.

█ The Haley petition and affidavit in opposition to American Title Company's motion for summary judgment present a different matter. In her affidavit Haley makes the following statements:

[a]bout a week before November 9, 1977, Linda Dunn, at American Title Company called me and said that the Boenker's loan had been funded; that closing would be in American Title Company's office in Webster, Texas on November 9, 1977; and that I would be paid at that time.

[After everything was signed at the closing] Ms. Dunn called someone about my check and then told us that there was some problem and that the Boenker's loan was not yet funded. She then told me to come back the next day and they would have my money then. I went back to American Title Company's office the next day. Ms. Dunn then told me that there was still some small problem and that I should come back the next day and she would have my money for sure. I came back the next day and again Ms. Dunn said she could not pay me and that they would call when they were able to pay.

In the meantime on the morning of November 9, 1977, Mr. and Mrs. Boenker began to move a few items into the house and my two sons began to move our things out. We were doing this because

Ms. Dunn had told me that everything was in order to close, that the Boenker's loan had been funded and that I would be paid that day. The Boenkers wanted immediate possession so we had to start moving early on the morning of November 9, 1977. After we signed all of the papers in the Title Company's office that same morning, we were told that the Boenker's loan had not yet been funded but I was also told to come back the next day and I would be paid. Since I had signed the deed over to Mr. and Mrs. Boenker and it was dated that day and they had signed all of their required papers, and since I was told that I would be paid the next day, my sons and I moved all of our things out of the house and turned full possession over to Mr. and Mrs. Boenker.

Haley's petition contained allegations similar to the statement contained in her affidavit. These allegations state a cause of action in tort for damages for fraud. The affidavit of Mrs. Haley supports the allegations contained in her petition.

The supreme court in the case of *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183 (Tex.1977), recognized that a title insurance company could be held liable for fraudulent statements made by its agents. In that case the false statements touched the issue of the presence or absence of encumbrances on the subject property.

The court held that knowingly or negligently made false assurances by the title company agent that the property was not subject to any easements could give rise to a cause of action in fraud against the company if detrimentally relied upon. The court made a clear distinction between any action on the title policy and an action in tort for fraudulent assurances. That is precisely the distinction required in the present case. While no liability attached for the title company's failure to close the transaction, appellant Haley has pleaded and supplied summary judgment proof to give rise to an action in tort against appellee American Title. The appellee's motion for summary judgment is not directed at that cause of action, nor could it be, for there clearly are fact issues to be determined in connection therewith which mandate a remand for trial on the merits. *Gibbs, supra.*

Summary judgment against Haley and Boenker affirmed on the action for failure to close a real estate transaction.

Summary judgment against Haley reversed and remanded on the cause of action for fraud.