**Ray STERN and Clare Stern,**
**Appellants,**

v.

**GIBRALTAR SAVINGS**
**ASSOCIATION, Appellee.**

No. A14–88–00832–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 15, 1990.

Frederick E. Zimring, Dallas, for appellants.

Jeffrey R. Hacker, Richard A. Battaglia and Russell W. Miller, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from summary judgment. The court below granted appellee summary judgment for a deficiency on a promissory note following foreclosure of a secured interest in real estate. We reverse and remand the case for a trial on the merits.

Appellants executed and delivered to appellee a promissory note secured by deed of trust lien on a condominium. Appellants defaulted in payment and appellee acceler-ated and later foreclosed on the property. The foreclosure sale resulted in a deficiency of $62,231.85.

In one point of error appellants contend the trial court erred in granting summary judgment. Under this point of error appellants make several arguments, and the record shows these arguments were also made in the trial court.

First, appellants argue the trial court denied them the opportunity to undertake discovery before the motion for summary judgment was heard and granted. For the reasons discussed below we do not have to pass on that contention.

The record before us shows that the promissory note made the basis of this suit for deficiency judgment provided for a variable interest rate, commencing at 15.25 percent. By an amended answer appellants alleged the interest rate specified in the note was usurious. In their response to appellee's motion for summary judgment appellants presented to the court their contention that Texas statutes applied to make an interest rate in excess of 10 percent usurious. Appellee responded by pointing to federal law preempting the Texas usury law. The federal statute provides (Italics added):

The provisions of the constitution of any State expressly limiting the rate or amount of interest, discount points, or other charges which may be charged, taken, received, or reserved by lenders and the provisions of any State law expressly limiting the rate or amount of interest, discount points, or other charges which may be charged, taken, received, or reserved shall not apply to any loan, mortgage, or advance *which is insured under subchapter I or II of this chapter.*

12 U.S.C. § 1735f–7(a).

There is nothing in the record before this court showing that the loan made by appellee to appellants was "insured under subchapter I or II of this chapter."

Under this state of the record the summary judgment for appellee will not stand

on its own merits. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). While the non-movant must expressly present to the trial court any factual reasons seeking to avoid movant's entitlement, this requirement does not extend to an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment. *Id.*, at 678. Unless the movant proved beyond question it was entitled to judgment as a matter of law, this court must remand the case for a trial on the merits. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828–29 (Tex.1970).

The judgment of the trial court is reversed and remanded for trial on the merits of the case.