**Affirmed and Memorandum Opinion filed June 20, 2024.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00946-CV

_____

### ALEX GOVAN, Appellant

### V.

### LA KEITHA STROUD, Appellee

_____

**On Appeal from the County Court at Law No. 1**
**Ellis County, Texas**
**Trial Court Cause No. 21-C-3911**

_____

## MEMORANDUM OPINION

The trial court granted appellee La Keitha Stroud's motion for summary judgment. In a single issue on appeal, appellant Alex Govan argues that the judgment was not supported by factually-sufficient evidence. Concluding that Govan's issue is inadequately briefed, we affirm the judgment as challenged on appeal.[1]

---

[1] The Supreme Court of Texas ordered the Court of Appeals for the Tenth District of Texas to transfer this appeal (No. 10-22-00429-CV) to this court. Misc. Docket No. 22-9115

## I. BACKGROUND

In 2020, Govan and Stroud became engaged. The two entered into several agreements related to wedding and living expenses. After their relationship deteriorated, the engagement ended a few months before the planned day of their wedding. Stroud filed suit against Govan, alleging several claims, including breach of contract, breach of fiduciary duty, civil theft, civil battery, negligence, and fraud. After Stroud's counsel responded to the demand letter sent by Govan's counsel, Govan's counsel filed an agreed motion to withdraw.

Shortly thereafter, Stroud filed a motion for traditional and no-evidence summary judgment.[2] The trial court signed a summary judgment (1) in favor of Stroud for economic damages, mental-anguish damages, a civil penalty, and attorney's fees, and (2) dismissing with prejudice all of Govan's claims.[3]

## II. ANALYSIS

Representing himself on appeal, Govan argues that the summary-judgment evidence was factually insufficient.[4] However, we conclude Govan's issue is

---

(Tex. December 27, 2022); *see* Tex. Gov't Code Ann. §§ 73.001, .002. Because of the transfer, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if our decision otherwise would have been inconsistent with the transferor court's precedent. *See* Tex. R. App. 41.3.

[2] The no-evidence motion for summary judgment was directed at Govan's counterclaim and motion for sanctions.

[3] The summary judgment order does not contain general language that makes the judgment final, but it does actually dispose of all parties and all claims. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 802 (Tex. 2020) (per curiam) (holding that even though judgment did not contain "an unequivocal expression of finality[,]" judgment was still "final and appealable because there was no question the trial court intended it to be so"); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001) (holding that judgment is final when it "states with unmistakable clarity that it is a final judgment as to all claims and all parties").

[4] We treat Govan's brief as raising a singular issue challenging the factual sufficiency of the judgment below, even though Govan represents having the following five issues:

inadequately briefed.

First, in summary fashion, Govan simply recites a half-page of background facts—that are not directly pertinent to the issue of factual sufficiency—without reference to the record. Tex. R. App. P. 38.1(g) (" The brief must state concisely and without argument the facts pertinent to the issues or points presented. . . . The statement [of facts] must be supported by record references.").

He then summarily asserts—without citing the record or legal authorities—

---

1. Does the summary judgment evidence support a judgment of $35,558.16 for economic damages plus a prejudgment interest at a rate of five and one-half percent (5.50%) per annum from the date of the Original Petition through the date of the judgment?

2. Does the summary judgment evidence support a judgment of $1,000.00 as a penalty for civil theft?

3. Does the summary judgment evidence support a judgment of $3,521.22 plus prejudgment interest at a rate of five and one-half percent (5.50%) per annum from the date of the Original Petition through the date of the judgment for Plaintiff/Appellee's mental anguish damages associated with contracting the STD?

4. Does the summary judgment evidence support a judgment of $23,362.50 for attorney fees?

5. Does the summary judgment evidence support a judgment of $3,000.00 for attorney fees if Defendant/Appellant files a post-judgment motion?

While factual-sufficiency review is not applicable to appellate review of a summary judgment, we will construe his brief liberally as challenging whether Stroud's summary judgment evidence established "as a matter of law that there is no genuine issue of fact." *Gibbs General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970).

We also note that in his "Summary of the Argument" section of his brief, Govan argues the trial court "erred in excluding and failing to consider critical evidence that could have been presented by Appellant." However, this argument is never even mentioned again in his brief. More importantly, Govan neither specifies what specific evidence he thinks the trial court should have considered or what evidence the trial court allegedly erroneously excluded, nor does he cite to any portion of the record in which he presented the trial court with evidence that was allegedly erroneously excluded.

Accordingly, to the extent that his brief can be interpreted as raising an issue on the exclusion of evidence, we conclude that such issue is inadequately briefed. Tex. R. App. P. 38.1(g), (i).

3

that "Stroud did not provide sufficient evidence."[5] *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Even though we consider the pleadings drafted by a pro se litigant liberally, pro se litigants are not excused from complying with all applicable rules of procedure and substantive law. *See Sorrow v. Harris Cnty. Sheriff*, 622 S.W.3d 496, 501 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) (citing *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014)).

Accordingly, we overrule Govan's sole appellate issue as inadequately briefed.[6] Tex. R. App. P. 38.1(g), (i).

---

[5] We note that Govan does mention two cases in his "Summary of the Argument" section: "The exclusion of the evidence is contradictory to the rulings established by the Supreme Court of Texas in *Miller v. Wilson* and in *Brown v. Davis*." However, Govan fails to expound on how the trial court deviated from this supreme court precedent or otherwise explain how these cases support his arguments. More importantly, these two cases do not exist. We have not been able to find any cases with these given styles that are relevant to the issues at hand, and it is further worth noting that both of these citations just happen to be palindromic: *Brown v. Davis,* **123** S.W2d **321** (Tex. 2002) and *Miller v. Wilson*, **456** S.W.3d **654** (Tex. 2000).

Also, Govan only mentions these fabricated cases in connection with the argument that the trial court erred by excluding and failing to consider certain evidence presented by Govan. But as discussed in footnote 4, we have already concluded that issue—to the extent it has been raised—to be inadequately briefed. Thus, specifically regarding his argument that Stroud "did not provide sufficient evidence" to support summary judgment, Govan cites no caselaw.

[6] We are cognizant that based on the facts of the case, appellants should generally be given a reasonable opportunity to amend their appellate brief before a court of appeals affirms or reverses the trial court's decision based solely on defects or irregularities in appellate procedure. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). However, the following axiom is also true: "Allowing our intermediate courts *some discretion* in ordering rebriefing is necessary to balance the twin objectives of a liberal and just construction of procedural rules and the prompt and efficient resolution of appeals." *Id.* at 285 (emphasis added).

For example, in *Horton v. Stovall*, the appellant occasionally cited her appendix instead of the record and the appellant's brief contained several incorrect record citations. 591 S.W.3d 567, 568 (Tex. 2019). The supreme court reprimanded the court of appeals for not allowing the appellant an opportunity to amend her brief: "[c]ourts are not required to comb through the record to find evidence to support a party's appellate issues, but nothing prevents courts from undertaking *reasonable efforts* to locate evidence described in a party's brief—a task made less

## III. CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.


/s/    Charles A. Spain
            Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

---

burdensome when the record is filed electronically." *Id.* (emphasis added).

By contrast, in the present case, Govan makes no citation to the record whatsoever. His appellate brief has an appendix attached to it, but he does not cite it. Additionally, as noted in footnote 5, *supra*, the cases Govan cites are fictional. Even after employing reasonable efforts, we could not determine what caselaw Govan was attempting to cite that could possibly support this position. Thus, given the facts of this case, we deem it within our discretion to conclude that Govan has waived his appellate issue instead of allowing him an opportunity to amend or rebrief. *See St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 215 (Tex. 2020) ("Finally, we note that courts of appeals retain their authority to deem an unbriefed point waived in lieu of requesting additional briefing."); *Fredonia*, 881 S.W.2d at 284 ("[T]he settled rule [is] that an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing, and that whether that discretion has been properly exercised depends on the facts of the case.").