**Ed AIKEN, Jr., Appellant,**

v.

**Anna Lee Spires JUDD et al., Appellees.**

**No. 4538.**

Court of Civil Appeals of Texas, Eastland.

May 5, 1972.

Rehearing Denied June 2, 1972.

On November 14, 1966, the County Court of Nolan County rendered a judgment declaring Mrs. Judd to be an habitual drunkard and appointed her brother guardian of her person. The judgment also recites ". . . and the Court further finds that at this time there is no necessity for the appointment of a guardian of the estate of Anna Lee Judd."

We will try to follow the rules set forth in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup.1965) and Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.Sup. 1970) and cases cited therein in disposing of this summary judgment case.

■ The judgment declaring her an habitual drunkard presented a fact issue as to Mrs. Judd's competency. The court did not err in refusing Aiken's motion for a summary judgment. The Supreme Court in Haile v. Holtzclaw, 414 S.W.2d 916 (Tex.Sup.1967) held:

"As above stated, the order appointing a temporary guardian for Holtzclaw was issued pursuant to Section 131, Texas Probate Code. That section authorizes a county judge to make an immediate appointment of a temporary guardian for a person of unsound mind in order to protect that person's interests. The order was entered fifteen days prior to the execution of the deed. We think it, along with the orders committing him to a mental hospital, if introduced upon another trial, would be admissible as bearing on the fact question of his mental capacity at the time of the execution of the deed."

■ Mrs. Judd contends that her adjudication constitutes a prima facie presumption of incompetence and at the time she executed the contract on September 28, 1970, she was "under a legal disability of such a nature as to render any contract of her making unenforceable."

Aiken filed affidavits by attorney E. H. Lindsey in opposition to her motion for

---

Mays, Moore, Dickson & Roberts (R. Temple Dickson), Sweetwater, for appellant.

Nunn, Griggs, Beall & Wilks (Charles R. Griggs), Sweetwater, Evans, Pharr, Trout & Jones (Charles B. Jones), Lubbock, for appellees.

WALTER, Justice.

Ed Aiken, Jr. filed suit against Anna Lee Spires Judd for specific performance of a contract by the terms of which Aiken agreed to purchase and Mrs. Judd agreed to sell approximately 1,000 acres of land in Nolan County. Both parties made motions for a summary judgment and Mrs. Judd's motion was granted. Aiken has appealed and contends the court erred in failing to grant his motion and in granting appellee's motion.

summary judgment. The Lindsey affidavits reveal the following facts: He personally handled the negotiations for Mrs. Judd that preceded the contract for the sale of her Nolan County ranch to Mr. Aiken; from his observation of her speech and her general demeanor, he was of the opinion that she was sober and entirely aware of her surroundings; during such negotiations she was able to converse with him on a rational and intelligent basis and was completely aware of the circumstances and possessed a good measure of business acumen; that he was personally aware of some of her business dealings and attached to his affidavit an agreement between her and her brother settling the estate of their father with the El Paso National Bank; he further stated that he was personally aware of her attempts to sell the property in question to her brother who was attempting to buy it from her; he further stated that he was personally aware of the fact that Mrs. Judd handled her own business affairs and that the only dominion her guardian of her person ever exercised over her was to sign papers in 1966 that resulted in her hospitalization for a short period of time. In Lindsey's affidavit dated June 29, 1971, he stated that Mrs. Judd's brother had offered her $55 an acre for her ranch and asked him to find a buyer who would be willing to give $65 an acre and that he was able to find such a buyer in Mr. Aiken. He further stated that during his many discussions, she never appeared to be intoxicated or in any way unaware of what was happening, and from her appearance and the other observations he made of her, he was of the opinion that she was in possession of her mental faculties and was sane.

We hold that Mrs. Judd has not discharged her burden of establishing as a matter of law that no genuine issue of fact exists relating to her competency.

The judgment is reversed and the cause remanded.