Evangeline Tavera **MARTINEZ**, Appellant,

v.

**Lucio G. TAVERA, Appellee.**

**No. 4664.**

Court of Civil Appeals of Texas, Eastland.

Dec. 14, 1973.

Rehearing Denied Jan. 11, 1974.

———◆———

John R. Bryant, Dallas, for appellant.

Richard Johnson, Daugherty, Bruner, Merrill & Johnson, Dallas, for appellee.

WALTER, Justice.

The parties were divorced on October 10, 1963, in Dallas, Texas. The judgment partitioning their community property recited the following:

"It further appearing to the Court that the community property of the parties hereto was the only property of their marriage and such property consists of one house located at 9805 San Lea Street in Dallas, Texas, one automobile, personal items of each party and furniture, furnishings and fixtures in said house; and the Court found it necessary to determine the rights of each of the parties in said property;"

The judgment awarded Tavera the house at 9805 San Lea Street in Dallas, Texas. Evangeline Tavera Martinez (the former wife of Tavera) filed this suit to partition "Lot 18, Block U/7352 of Shiloh Park Addition, Second Section, an addition to the City of Dallas, Texas, according to the map of record in Volume 23, page 207, of the Map Records of Dallas County". This is the lot upon which the house awarded to Tavera is located. The court granted Tavera's first amended motion for summary judgment and recited that Mrs. Martinez "take nothing by her suit". Mrs. Martinez has appealed.

She contends the court erred in granting Tavera's motion for summary judgment and in overruling hers. In his first amended motion for summary judgment, Tavera asserts that the property located at 9805 San Lea Street is the same property as said lot 18 described above.

Lucio G. Tavera's affidavit reveals the following:

I am the defendant in this case and the former husband of Evangeline. We were divorced on October 10, 1963. I was awarded the property at 9805 San Lea Street in Dallas, Texas, in the divorce judgment. This property is the same property conveyed to me and Evangeline by James L. Conrad and wife, Marylyn Conrad by warranty deed, dated January 2, 1962, and being described as "Lot 18, Block U/7352 of Shiloh Park Addition, Second Section, an addition to the City of Dallas, Texas, according to the Map Records in Volume 23, page 207 of the Map Records of Dallas County, Texas." Since the divorce, I have resided on this property claiming it as my homestead. Evangeline made no claim to this property since the divorce until 1971, when I was contacted by an attorney.

Clyde Harden's affidavit reveals the following:

I am an employee with the Building Inspection Department with the City of Dallas. The records and files in the department are public records of the City of Dallas. The Building Inspection Department is authorized to assign street addresses to lots in subdivisions and this department has legal custody of all such records. I have personally examined said records and find that "Lot 18, Block U/7352, Shiloh Park Addition, Second Section, an Addition to the City of Dallas, Texas, had been assigned the street address of 9805 San Lea, Dallas, Texas."

We hold that the divorce judgment and the admissible evidence in the affidavit of the employee of the Building Inspection Department for the City of Dallas, the attorney who represented Mrs. Martinez in the divorce proceedings and that of Tavera

establishes as a matter of law that there is no genuine issue of fact as to any of the essential elements of Mrs. Martinez's cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.Ct.1970).

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.