Jonathan FREED, Appellant,

v.

Albert P. DICKER, Appellee.

No. 18915.

Court of Civil Appeals of Texas, Dallas.

July 22, 1976.

3. *Webster's International Dictionary,* p. 1345 (2nd ed. 1973).

W. W. Mitchell, III, Berman, Fichtner & Mitchell, Dallas, for appellant.

Linda S. Aland, Strother, Davis, Stanton & Levy, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Jonathan Freed appeals from a summary judgment rendered in favor of Albert P. Dicker. Freed seeks reversal of the summary judgment because it is not supported by the evidence and because there are genuine issues of material fact which would preclude the granting of the judgment. We agree and reverse and remand.

The dispute between the parties arises out of a transaction involving a management contract for an apartment building in Dallas. On June 1, 1973, a management contract was executed by Freed, individually and on behalf of Dicker, as managers, and four residents of Italy, the Toffanos, as owners of the apartment building. The record reveals that the Toffanos were contemplating the purchase of the Danbury Apartments in Dallas and that in contemplation of such purchase, they executed the document calling for Dicker and Freed to manage the property for them for a compensation of four percent of the gross collected rental. The agreement does not reveal how the four percent of gross rental is to be divided between Dicker and Freed. The four Toffanos failed to complete the purchase. Subsequently, after two of the Toffanos successfully purchased the building, they signed a second management agreement on July 18, 1973, with Jonathan Freed providing that only he be paid four percent of the gross collected rental. Dicker sued Freed to recover one-half of the compensation, or two percent, of the gross collected rental for his portion of the management contract compensation based upon the June 1, 1973 agreement.

Appellant Freed contends that the four Toffanos, as a group named in the contract, did not purchase the Danbury Apartments but on the contrary since only two of them successfully purchased the apartments, the document dated June 1, 1973, "never became effective." Dicker alleges that the June 1, 1973, agreement was effective, was not rescinded and in fact was the contract under which the apartment building was being managed.

■■■ Summary judgment practice imposes on the movant a burden to establish that there is no genuine issue of fact as to one or more of the essential elements of the movant's cause of action and that judgment should be rendered as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). Consequently, we must review the summary judgment evidence to determine if it raises a genuine issue of fact. Dicker's motion for summary judgment is supported by his affidavit and deposition. His affidavit states:

On June 1, 1973, defendant and I entered into an agreement with Mrs. Elena del Rio de Toffano and Mr. Vito Toffano whereby defendant and I were to undertake the management responsibilities of the Danbury apartments, Dallas, Texas. For our services in managing such apartments, defendant and I were to share equally in a monthly compensation amounting to four percent (4%) of the collected monthly rental from said apartments.

The affidavit further states that Freed had not paid Dicker his one-half interest in such fee despite demand. Freed's response to the motion for summary judgment is supported by by his affidavit which states:

(1) . . . I prepared a proposal in compliance with this request, including the name of Mr. Albert Dicker together with my own, based on the fact that we were engaging in other business ventures together.

(2) The above-mentioned purchase of June, 1973, was not consummated as proposed, and the aforementioned proposed management agreement was never put into effect.

(3) Mrs. Maria Elena del Rio de Toffano and Mr. Vito Toffano did subsequently purchase the Danbury Apartments and a new management agreement was prepared to satisfy the new buyers and the new conditions. Messrs. Freed and Dicker had, in the meantime, severed all active business relations together, and the final management agreement was made solely by and between Mr. Freed and Mrs. Maria Elena del Rio de Toffano and Mr. Vito Toffano.

The above affidavits raise a genuine issue of material fact concerning whether the parties when executing the June 1 agreement contemplated that the successful purchase by all four Toffanos would be a condition precedent to the contract. This question of fact must be answered in order to determine if the June 1 agreement ever became effective. Thus, we hold that because a genuine issue of fact is presented, the trial court erred in sustaining the motion for summary judgment.

Dicker's deposition also contains testimony as to the division of the management fee between Freed and Dicker. The relevant testimony is as follows:

Q. (Mr. Mitchell) As I understand your agreement with regard to managing the property it was that under this June 1, 1973, agreement you and Mr. Freed would receive a total of 4% of the rentals of the property?

A. The gross rental.

Q. And it was your understanding that you and Mr. Freed were to split this amount 2% each: is that correct?

A. That's what the agreement calls for.

The June 1, 1973, agreement contains no provision providing for the distribution of the gross fee to be received by the parties called managers. Dicker did not plead another agreement, oral or written, governing the division of the income, if any, from the June 1, 1973, management agreement. Any

attempt to determine a proportionate division of the gross fee from these facts when the parties have failed to include it within the June 1 agreement could become an unwarranted judicial revision of the contract.

A question of fact exists as to what agreement, if any, governs the distribution of income from the June 1, 1973, agreement. Since Dicker has not met his burden of establishing by competent summary judgment evidence that he is entitled to judgment as a matter of law, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.