Tony REYNA, Appellant,

v.

Lavonne BELL d/b/a City Iron & Metal Company, Appellee.

No. 18217.

Court of Civil Appeals of Texas, Fort Worth.

March 13, 1980.

Rehearing Denied April 10, 1980.

Schenk & Wesbrooks, and J. Keaton Grubbs, Wichita Falls, for appellant.

Fillmore, Lambert, Farabee, Purtle & Lee, and Clyde Fillmore, Wichita Falls, for appellee.

OPINION

HUGHES, Justice.

Tony Reyna has appealed the summary judgment rendered for Lavonne Bell, d/b/a City Iron and Metal Company. Reyna was the plaintiff in a personal injury suit against his employer, Bell, who did not carry workers' compensation insurance.

Reversed and remanded.

What happened in this case is undisputed. Whether Bell was negligent and caused the injury is disputed. Trial court apparently felt that Bell proved, as a matter of law, that there is no genuine issue of material fact concerning Bell not being negligent in that he did not:

1. Fail to provide Reyna a safe place to work;
2. Fail to properly supervise plaintiff's work;
3. Fail to provide Reyna with proper equipment to handle heavy objects.

In June, 1976, Reyna injured his back while unloading an industrial battery weighing 150–175 pounds. This happened when he and another man lifted the battery from a truck to a dock and as Reyna lifted and turned toward the dock.

Bell first filed a general denial, later amending to allege that:

1. Reyna had performed these same usual and customary tasks in the same manner for many years;
2. Bell was not negligent;
3. Reyna was a supervisor and had adequate work force and equipment available;
4. Alleged injury was an unavoidable accident;
5. The manner of performing these tasks conformed to general usage;

6. Any disability sustained was caused only by preexisting disease or physical infirmity.

These claims were essentially the same in Bell's motion for summary judgment and were answered by Reyna in his opposition to motion for summary judgment (with supporting exhibits and affidavits) claiming that:

1. Reyna did not have supervisory capacity;

2. There were no training programs, standard operating procedures or safety;

3. A repeatedly requested and needed chain hoist was promised but never installed;

4. A forklift was often not available for use and its use was discouraged or untenable for the job.

■ It is elementary in summary judgment proceedings that the burden of proof is on the moving party, with all doubts as to the existence of a genuine issue of material fact being resolved against him. We must accept as true all evidence of the party opposing the motion which tends to support such opposition. We also have to give the opposition the benefit of every reasonable inference which might be properly drawn in his favor. *Loud v. Sears, Roebuck & Co.*, 262 S.W.2d 548 (Tex.Civ.App.—Dallas 1953, no writ).

Reyna must establish in this court that the proof in trial court was insufficient to establish as a matter of law the absence of the issues here in question and pleaded by Reyna as negligence. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970).

■ Was the testimony of Reyna in his deposition that he had been loading batteries the same way for nearly nineteen years, and doing it the same way all that time, with nothing unusual about the way he was doing it when his back was hurt, conclusive evidence of no negligence in the operation or conditions existing at the Bell Facility? After nearly nineteen years, Reyna got a catch in his back after manhandling what must have been a lot of batteries.

Bell claimed Reyna was working in a supervisory capacity when injured. Reyna, himself, testified "I was in charge of the people working there."

By affidavit, Reyna told of a forklift and dollies at the warehouse saying that the forklift was often broken down and that they didn't like. to use it for unloading batteries because Bell would get mad when a battery was broken in use of it. By the same affidavit he told of once having a chain hoist on the dock which was removed even though they used it for lifting materials out of truck beds. He said he asked Bell a number of times for a chain hoist "and was told we would get one, but it was never done."

We hold that the disputed testimony on the forklift limitations and the winch truck's use only on huge batteries, plus the repeated request for a chain hoist raise a fact issue. Of course, even had the chain hoist been there, Reyna might have not used it on the occasion in question, but, then again, the 50 year old worker who has grown 19 years older doing a heavy manual job might well use a mechanical lifting aid that he would have scorned at 31. The case of *Missouri Pacific Railroad Company v. Sparks*, 424 S.W.2d 12 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.), an F.E.L.A. case, involved an injury to a 30 year veteran of lifting baggage, who had requested additional help to handle an increasing amount of traffic. He was ignored and a jury verdict of negligence was upheld—as might happen in Reyna's case if a trial is had. We sustain point of error no. three and overrule the other three points of error, having fully considered them.

Reversed and remanded for a trial on the merits.