**HARDY ROAD 13.4 JOINT VENTURE, Appellant,**

v.

**MED CENTER BANK, Appellee.**

No. 01–93–00182–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 16, 1993.

Rehearing Denied Dec. 30, 1993.

Dugger & Herrera, Gary W. Dugger, Terri Silver Grainger, Houston, for appellant.

De Lange, Hudspeth & Pitman, L.L.P. Eugene J. Pitman, Houston, for appellee.

Before HUTSON–DUNN, DUGGAN and ANDELL, JJ.

## OPINION

DUGGAN, Justice.

This is the appeal of a take-nothing summary judgment granted in favor of appellee, Med Center Bank (the Bank). Appellant, Hardy Road 13.4 Joint Venture (the Joint Venture), sued [1] the Bank to invalidate a lien and deed of trust placed upon the Joint Venture's property. The trial court granted the Bank's motion for summary judgment, and made the judgment final and appealable by severing the Joint Venture's causes of action against the Bank from those against two individual defendants, Robert R. Combs and Thomas Nation.

In five points of error, the Joint Venture claims that the trial court erred in granting a summary judgment because (1) genuine is-

---

**1.** The Joint Venture sued in its capacity as the substitute representative and successor to all rights and powers of Thomas H. Nation, d.b.a. Win Property Investments, the original representative under the Joint Venture Agreement.

sues of material fact exist concerning the existence of trust; (2) TEX.PROP.CODE ANN. § 101.002 (Vernon 1988) controls; (3) genuine issues of material fact exist concerning the Bank's knowledge of other claims on the Joint Venture property; (4) the Bank's motion for summary judgment failed to identify all causes of action plead by the Joint Venture; and (5) the Bank's summary judgment proof was legally insufficient to support its motion. We sustain points of error one and three, reverse the judgment, and remand the cause to the trial court.

On March 5, 1976, the Joint Venture, comprised of 25 investors, was formed for the purpose of purchasing 13.425 acres of land. On the same day, a joint venture agreement (the Agreement) was executed by Nation[2] of Win Property Investments, the investors' representative under the Agreement. Article VI of the Agreement provided that the "Venture Property shall be held and conveyed in the name of Thomas H. Nation, Trustee...." Although the Agreement provided signature lines for the Joint Venture participants, they apparently never executed the Agreement.

On the same day, by general warranty deed (Deed No. 1),[3] Carl Warrick and Associates, Inc., Trustee, conveyed the property to Thomas H. Nation, Trustee. Appellant alleges that at various times during March, 26 deposits were made into the Win Property Investments Hardy Road 13.4 Joint Venture Escrow Account (the Escrow Account) at Spring Branch Bank, which funded the purchase of the property. During March, Combs was the president of Spring Branch Bank; sometime after March, Combs joined appellee Bank.

On May 6, 1986, in connection with the renewal of Nation's personal loan, the Bank sought additional collateral. Thomas H. Nation, Trustee, executed a promissory note in the amount of $160,000, secured by a deed of

trust and security agreement (Deed No. 2), covering the Joint Venture property. The Bank then filed Deed No. 2 in the Harris County deed records.

The note was renewed and extended four times from April 15, 1987, through July 24, 1989. On February 27, 1990, the Bank notified the Joint Venture participants of Nation's failure to pay and that the property secured the note. The Joint Venture provided the Bank with documentation of its ownership interest, and demanded the removal of the Bank's lien. The Bank refused to do so, and the Joint Venture sued, asserting the following causes of action: (1) quiet title; (2) negligence; (3) breach of fiduciary duty; (4) constructive fraud; (5) declaratory judgment; (6) permanent injunction; (7) statutory fraud involving real estate; (8) tortious breach of contract; and (9) conversion.

The trial court granted the Bank's motion for summary judgment on the basis that the blind trust provision of TEX.PROP.CODE ANN. § 101.001 (Vernon 1988) controls the transaction, and thus provides the Bank with a complete defense to all of the Joint Venture's claims. Section 101.001 provides that:

> If property is conveyed or transferred to a person designated as a trustee but the conveyance or transfer does not identify a trust or disclose the name of any beneficiary, the person designated as trustee may convey, transfer, or encumber the title of the property without subsequent question by a person who claims to be a beneficiary under a trust or who claims by, through, or under any undisclosed beneficiary or by, through, or under the person designated as trustee in that person's individual capacity.

■ The standard for appellate review of a summary judgment in favor of a defendant is whether the summary judgment proof establishes, as a matter of law, that there is

---

2. Nation was not a participant in the Joint Venture.

3. Although Deed No. 1 was attached as an exhibit to the original Joint Venture petition, on ap-

peal it does not appear in the record. Further, neither party supplemented the record to provide us with a copy.

no genuine issue of fact about one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936–37 (Tex. 1972). Evidence favorable to the nonmovant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

A summary judgment cannot be affirmed on any ground not presented in the motion for summary judgment. *Hall v. Harris County Water Control & Improvement Dist. No. 50,* 683 S.W.2d 863, 867 (Tex. App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

The Bank's motion for summary judgment asserted one ground, that no trust existed on the property. In support of its motion, the Bank offered: (1) the affidavit of Combs; (2) Deed No. 1; (3) Deed No. 2; and (4) the unrecorded Agreement. The Bank contends that because Deed No. 1 conveyed the Joint Venture property to Nation and

designated him as trustee, but did not identify a trust or disclose the name of any beneficiary, section 101.001 provides the Bank with complete protection from all claims by the Joint Venture beneficiaries. Because neither party supplemented the record to assure this Court had a copy of Deed No. 1, we cannot determine the merits of the Bank's arguments regarding this conveyance.

The Joint Venture contends that TEX.PROP. CODE ANN. § 101.002 (Vernon 1988) controls, preventing trust property from being liable to satisfy the personal obligations of the trustee.[4] Section 101.002 provides that:

> Although *trust property* is held by the trustee without identifying the trust or its beneficiaries, the *trust property* is not liable to satisfy the personal obligations of the trustee.

(Emphasis added.) By its terms, however, this provision only applies if *trust property* exists. Because we find that a fact question exists concerning whether trust property exists, it is premature to determine if section 101.002 applies.

Alternatively, the Joint Venture argues that lenders who have actual or constructive knowledge of a trust may not claim § 101.001 protection. The Bank does not dispute this proposition but claims that the Joint Venture's evidence created no more than a mere suspicion that did not warrant investigation.

The Joint Venture's summary judgment proof consisted of: (1) Nation's three-year-old financial statement listing a joint venture named "Hardy Road," having 13.425 acres with $291,230 paid by a partnership, and zero percent held by Win Properties, Nation's business entity; (2) Nation's current financial statement, which fails to list the property as an asset; and (3) excerpts from Combs' deposition reflecting (a) his receipt of both financial statements before the Bank collater-

---

4. In addition to its section 101.002 argument, in point of error two, the Joint Venture argues that former TEX.CIV.STAT.ANN. art. 7425a (the old Texas Trust Act) controls. Act of 1943, 48th Leg., R.S., ch. 148, § 1, 1943 Tex.Gen.Laws 232, 247, *repealed by* Act of August 29, 1983, 68th Leg., R.S.,

ch. 576, § 6, 1983 Tex.Gen.Laws 3729, 3730. Because we sustain the Joint Venture's points of error one and three, we do not reach the question of which statute controls. We note, however, that former article 7425a and section 101.002 contain identical language.

alized the loan with the property, and (b) his knowledge that Nation held property for others, as well as for himself. We hold that this summary judgment evidence raises a question of fact concerning the Bank's knowledge of either the existence of other claims on the Joint Venture property or the existence of a trust on the Joint Venture property.

The Bank cites cases that stand for the proposition that the mere designation of a party as "trustee" does not create a trust. *See Nolana Dev. Ass'n v. Corsi,* 682 S.W.2d 246, 249 (Tex.1984). Although we agree with this basic proposition, the Bank falls short in applying it to the facts before us. In *Nolana,* except for the "trustee" designation on the deed, there was no other evidence of an existing trust. *Id.* Here, the Bank had more than a deed with a mere designation of "trustee." Even if the Bank is correct in claiming that neither Deed No. 1 (a copy of which we do not have), nor the Agreement (because of the lack of signatures) created an express trust, Nation's financial statements provided sufficient evidence to raise a question of fact concerning the Bank's actual or constructive knowledge of a trust. His three-year-old financial statement showed a joint venture named "Hardy Road" that contained 13.425 acres, $291,230 paid by a partnership, and zero percent held by Win Properties; and his current financial statement failed to show the property as an asset.

The Bank claims that the Joint Venture's evidence created no more than a mere suspicion that did not warrant investigation. For support, it cites to *O'Ferral v. Coolidge,* 149 Tex. 61, 228 S.W.2d 146 (1950). The court in *O'Ferral* affirmed the trial court's finding that an unintelligible financial statement showing a ¼ of a ⅞ leasehold interest in 106 acres was insufficient to put the bank president on notice of a discrepancy when the borrower had represented he actually owned ½ interest in the lease. *Id.* 228 S.W.2d at 148. We follow *O'Ferral* to the extent that it stands for the proposition that notice or knowledge is usually a question of fact; however, we find the facts of *O'Ferral* distinguishable from those before us. In *O'Ferral,*

an unintelligible financial statement was all the bank possessed; here, the Bank had Nation's two clear financial statements. Further, in *O'Ferral,* the bank president was not interested in the whole property because the bank's security covered only half of the 106 acres; here, the Bank's security covered all of the Joint Venture's property. *Id.*

We must take as true evidence favorable to the Joint Venture, the nonmovant, in deciding whether there is a disputed material fact issue that precludes summary judgment. *Nixon,* 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the Joint Venture and any doubts resolved in its favor. *Montgomery,* 669 S.W.2d at 310–11.

We hold that (1) the Bank's possession of Nation's three-year-old financial statement, which lists a joint venture named "Hardy Road" containing approximately 13.4 acres, with $291,230 paid by a partnership, and zero percent held by Win Properties; (2) the Bank's possession of Nation's current financial statement, which fails to list the property as an asset; and (3) excerpts from Combs' deposition reflecting (a) his receipt of both financial statements before the Bank collateralized the loan with the property, and (b) his knowledge that Nation held property for others, as well as for himself, was sufficient to raise a question of fact concerning the Bank's knowledge of either the existence of other claims on the Joint Venture property or the existence of a trust on the Joint Venture property.

We reverse the judgment and remand the cause to the trial court.