**The STATE of Texas, Appellant,**

v.

**Christine Lacy McDONALD, Appellee.**

**No. 12–87—120–CV.**

Court of Appeals of Texas,
Tyler.

Oct. 23, 1987.

Christian Bryan, Asst. Dist. Atty., Tyler, for appellant.

John Trube, Tyler, for appellee.

COLLEY, Justice.

This is a summary judgment case involving a forfeiture[1] proceeding initiated on September 4, 1986, by Paul Black, a Tyler police officer, for the forfeiture of nineteen hundred dollars ($1,900) seized by Black on August 11, 1986, and alleged to be proceeds derived from the sale or manufacture of, or possession for the manufacture or sale of cocaine.[2]

The trial court granted summary judgment for appellee McDonald, awarding her the money. We reverse the judgment and remand the cause.

The petition filed by Black alleges that the appellee Christine Lacy McDonald was the owner or possessor of the money at the time of its seizure. Black also alleges that the funds were used "or intended for use for the sale, manufacture, distribution ... delivery or other commercial undertakings" in violation of the Controlled Substances Act.

McDonald was personally served by mail with citation and a copy of the notice of forfeiture on September 8, 1986, and on September 18, 1986, timely filed a verified answer denying that the cash was subject to forfeiture. On October 8, 1986, McDonald filed a summary judgment motion which was overruled. On February 2, 1987, McDonald filed an amended motion for summary judgment alleging the absence of a "genuine issue as to any material fact ... and that [McDonald] is entitled

---

**1.** Under the Texas Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15 §§ 5.03–5.07 (Vernon 1976 and Vernon Supp.1987). All references to sections are to Tex.Rev.Civ.Stat.Ann. art. 4476–15 (Vernon Supp.1987) unless otherwise noted.

**2.** A substance set forth in section 4.02(b)(3)(D) (penalty group 1) whose manufacture, delivery or possession with intent to manufacture or deliver constitutes a first degree felony under section 4.03(a), (b), (c) if the aggregate weight is less than twenty-eight grams and an aggravated offense if its aggregate weight is twenty-eight grams or more.

to judgment against [the State] as a matter of law."

McDonald attached to the amended motion a copy of her verified answer and urged that the pleading "be seen [sic] in conjunction with the [amended summary judgment motion]." The only other summary judgment evidence before the court at the time of the hearing of the motion was the deposition of petitioner Black.[3] The motion was heard on April 3, 1987, and granted on that same day, awarding the nineteen hundred dollars to McDonald.

The State asserts in its first point of error that McDonald failed to establish her right to the money as a matter of law.

Section 5.03(a)(6) reads in pertinent part,

(a) The following are subject to forfeiture....

(6) all money ... derived from the sale, manufacture, distribution, dispensation, delivery, or other commercial undertaking violative of [the Texas Controlled Substances Act].

Section 5.05(a) requires that "[w]hen ... property other than a controlled substance or raw material is seized, proceedings ... shall be instituted within thirty days after the seizure and not thereafter." Section 5.05(b) provides that the "seizing officer shall immediately cause to be filed in the name of the State of Texas ... a notice of the seizure and intended forfeiture." Section 5.05(b)(1) requires service of citation with a copy of the notice attached upon the owner of the seized property "if address is known." Section 5.05(i) requires that the person in possession of the property at the time of seizure must be made a party to the proceedings.

The petition (Notice of Seizure and Intended Forfeiture of Money) filed by Black alleged, inter alia:

**3.** The deposition testimony of Black simply reveals that he had no personal knowledge of facts tending to support the State's action to forfeit the money.

**4.** Section 5.07(b) reads,
(b) If the owner of the property has filed a verified answer denying that the property is subject to forfeiture then the burden is on the

### III.

That the said [$1,900] is money derived from the sale, manufacture, distribution, dispensation, delivery or other commercial undertaking violative of art. 4476–15, V.A.C.S., to-wit: cocaine.

### IV.

The said [$1,900] was used or intended for use for the sale, manufacture, distribution, dispensation, delivery or other commercial undertaking violative of art. 4476–15, V.A.C.S., to-wit: cocaine.

Before McDonald was entitled to summary judgment she had to negate one or more of the essential elements of the State's cause of action or in this case the alleged grounds for forfeiture of the money as framed by the State's pleadings. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). In this case McDonald was required to present summary judgment evidence establishing as a matter of law that the nineteen hundred dollars was neither derived from the unlawful sale, manufacture or delivery of cocaine nor intended to be used for the unlawful sale, manufacture or delivery of the substance. In addition, McDonald was required to show that she was the *owner* not merely the *possessor* of the money when she filed her verified answer denying that the money was subject to forfeiture under 5.03(a)(6). *See* section 5.07(b).[4]

McDonald's verified answer alleges that the money seized from her possession was the property of the "New Experience Club, a private club business."

Therefore, at the time of the hearing on the motion for summary judgment based on the state of the record, the State had no burden of going forward with proof to establish by a preponderance of the evidence that the money was subject to forfeiture.

state to prove by a preponderance of the evidence that the property is subject to forfeiture. However, if no answer has been filed by the owner of the property, the notice of seizure may be introduced into evidence and is prima facie evidence that the property is subject to forfeiture.

The "notice of forfeiture"[5] was before the court in this summary proceeding and constituted a prima facie showing that the nineteen hundred dollars *was* subject to forfeiture. 507(b). The State filed no motion for summary judgment on this basis, but that showing precluded a grant of summary judgment to McDonald who judicially admitted that another was the owner of the funds at the time of seizure.

The trial court erred in granting the summary judgment motion in favor of McDonald.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

5. The pleading of the State.