Patton 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-291-CV





RONALD DAVID PATTON,



 
 APPELLANT


vs.





NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,

PENNSYLVANIA; 

JEAN AUVENSHINE; AND AMERICAN INTERNATIONAL ADJUSTMENT


COMPANY, INC.,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 495,486, HONORABLE HENRY J. STRAUSS, JUDGE PRESIDING



 





 This is a suit against an insurance carrier for violation of the duty of good faith and
fair dealing. The trial court rendered a take-nothing summary judgment in favor of appellees
National Union Insurance Company, American International Adjustment Company, and Jean
Auvenshine, on the ground that the suit was barred by the statute of limitations. We affirm the
judgment of the trial court.



BACKGROUND



 On September 2, 1985, Ronald David Patton injured his back while working at his
job. Patton filed a claim with National Union Insurance Company, his employer's workers'
compensation carrier. National Union retained American International Adjustment Company as
its local agent to handle the claim. National Union paid Patton's medical bills, but Patton disputed
the amount of compensation he was owed for lost wages and diminished earning capacity. In
January 1987 Patton requested the Industrial Accident Board ("IAB") to investigate a delay in the
payment of his medical bills. In May 1987 the IAB held a prehearing conference, and National
Union offered to settle Patton's claim for $26,000.00. Patton rejected the offer. On June 3,
1987, National Union filed a Statement of Formal Position with the IAB expressly denying
Patton's claim, denying that while in the course of his employment Patton had sustained an injury
that caused his claimed incapacity. 

 The IAB conducted a hearing on Patton's claim and awarded him $39,858.64 as
compensation for lost wages and diminished earning capacity. National Union did not pay the
award. Instead, both parties sought judicial review of the award in the district court, by petitions
filed on June 18, 1987 ("underlying suit"). On July 20, 1990, the jury in the underlying suit
found in favor of Patton, and the court awarded him $70,817.45 as compensation for lost wages
and diminished earning capacity.

 On December 28, 1990, Patton filed this suit. Patton alleges appellees violated
their duties of good faith and fair dealing under the common law, and under article 21.21, section
16 of the Insurance Code. Specifically, Patton alleges appellees failed to conduct a reasonable
investigation of his claim, failed to settle his claim promptly after liability had become reasonably
clear, delayed payment and approval of certain medical expenses, and misrepresented the quality
of their services. The trial court granted summary judgment in favor of appellees on the ground
that the claims were barred by the statute of limitations. In five points of error, Patton appeals
the judgment.



DISCUSSION



 The standards for reviewing a motion for summary judgment are well established: 
(1) The movants for summary judgment have the burden of showing that no genuine issue of
material fact exists and that they are entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, evidence favorable
to the nonmovant will be taken as true; (3) every reasonable inference must be indulged in favor
of the nonmovant and any doubts resolved in his favor. Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). The question on appeal is not whether the summary
judgment proof raises a fact issue, but whether the summary judgment proof establishes as a
matter of law that no genuine issue of material fact exists as to one or more of the essential
elements of the plaintiff's cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828
(Tex. 1970).

 We must determine whether the statute of limitations bars Patton's bad-faith claims
as a matter of law. Such claims against an insurer for violation of the duty of good faith and fair
dealing are subject to a two-year limitations period. Tex. Civ. Prac. & Rem. Code Ann.
§ 16.003(a) (West 1986); Tex. Ins. Code Ann. art. 21.21, § 16(d) (West 1981 & Supp. 1993). 
Therefore, appellees are relieved from defending any cause of action that accrued before
December 28, 1988. Thus, we must determine the dates on which Patton's causes of action
accrued.

 Appellees argue that, as a matter of law, all of Patton's causes of action accrued
no later than June 3, 1987, when National Union filed its Statement of Formal Position with the
IAB denying Patton's claim. Patton argues that his causes of action did not accrue, and the
limitations period did not begin, until all elements supporting his causes of action were
established. He contends that in order to defeat his bad-faith claims on limitations, appellees must
not only prove that his claim was denied outside the limitations period, but they must also prove
that his claim was unreasonably denied outside the limitations period. 

 In his first point of error, Patton argues that the trial court erred in granting the
appellees' motion for summary judgment because a fact question exists as to when denial of his
claim became unreasonable. We disagree. In Murray v. San Jacinto Agency, Inc., 800 S.W.2d
826 (Tex. 1990), the Texas Supreme Court held that a cause of action generally accrues when
the wrongful act causes an injury. Id., at 828. The court in Murray concluded that the injury
producing event in a bad-faith action against an insurer is the denial of coverage. Id. at 829. The
injury to Patton resulting from all of the alleged violations was the denial of compensation for his
incapacity; therefore, appellees' alleged wrongful acts caused an injury when Patton's claim was
denied. The undisputed summary judgment evidence shows that Patton became aware of this
denial at least as early as June 3, 1987, when National Union filed its Statement of Formal
Position with the IAB denying his claim. Further, Murray held that "a cause of action generally
accrues at the time when facts come into existence which authorize a claimant to seek a judicial
remedy." Murray, 800 S.W.2d at 828. The facts that authorized Patton to seek a judicial remedy
came into existence no later than June 1987, after the IAB had imposed liability on National
Union, and National Union continued to refuse the claim.

 Patton argues that all elements of his bad-faith claims must be established before
the limitations period begins. The court in Murray rejected this argument, holding that the
limitations period on a bad-faith claim begins on the date coverage is denied, not later when the
insurer admits that denial of the claim is unwarranted. Id. at 828. Murray reversed a prior ruling
in which the court had held that the limitations period on a bad-faith claim did not begin until an
insured had resolved his underlying contract claims against the insurer. Id. at 829. Therefore,
we overrule Patton's first point of error.

 In his second point of error, Patton contends that the trial court erred in granting
summary judgment in favor of appellees because there was no evidence to support a finding that
the alleged violations occurred outside of the two-year limitations period. He argues that the
Statement of Formal Position which National Union filed with the IAB was not a conclusive denial
of his claim. He contends that his claim was not conclusively denied at that time because
appellees (1) never told him that they would not pay him any money at all on his claim, (2) made
settlement offers to him, and (3) eventually paid all of his medical bills. 

 Murray suggested that the statute of limitations would be tolled if an insurance
company failed to act by neither paying nor denying a claim. Id. at 828 n.2. However, the
undisputed summary judgment evidence shows that appellees' actions were consistent with their
formal position of denial. Patton complained to the IAB about National Union's handling of his
claim as early as January 1987. National Union expressly denied all aspects of Patton's claim in
the Statement of Formal Position which it filed with the IAB on June 3, 1987, and delivered to
Patton at the same time. National Union continued to refuse the claim even after the IAB had
imposed liability, and as a result the underlying suit was filed.

 In light of Murray, appellees' denial of coverage cannot be deemed inconclusive
merely because they made offers to settle pending litigation, nor can their denial be deemed
inconclusive merely because they chose to continue paying Patton's medical expenses while his
claim was being litigated. Patton's second point of error is overruled.

 In his fifth point of error, Patton argues that the trial court erred in granting
summary judgment in favor of appellees because a new duty was owed to Patton as each weekly
benefit became due, creating a fact issue as to whether such duties were breached within the two-year limitations period. This argument also fails. The breach of an insurer's duty of good faith
and fair dealing is not a continuous tort that gives rise to successive causes of action. Tectonic
Realty v. CNA Lloyd's, 812 S.W.2d 647, 654 (Tex. App.--Dallas 1991, writ denied). The tort is
complete and the cause of action arises when the injury occurs. The fact that damage may
continue to occur for an extended period after denial does not prevent limitations from starting
to run. Murray, 800 S.W.2d at 828. Because any violation of appellees' duties to Patton
occurred in 1987 when his claim was denied, Patton's bad-faith actions arose at that time, and he
cannot raise successive causes of action for each week his indemnity benefits went unpaid. We
overrule Patton's fifth point of error.

 Finally, Patton argues in his third and fourth points of error that his bad-faith
claims against appellee Jean Auvenshine, an adjuster employed by American International
Adjustment Company, are not barred by the statute of limitations because Auvenshine did not
become involved in Patton's case until January 1989. He argues that Auvenshine owed him a
statutory duty under article 21.21 of the Insurance Code, which makes any "person" who violates
section 4 of that article liable to an injured worker. Tex. Ins. Code Ann. art. 21.21, § 16 (West
1981 & Supp. 1993). Section 2 defines "person" as including adjusters and agents of an insurance
company. Id. § 2. However, the summary judgment evidence establishes that Patton's causes of
action against National Union, American International Adjustment Company, and any adjusters
assigned to his claim accrued simultaneously at the time his claim was denied. Because the
violation of an insurer's duty of good faith and fair dealing is not a continuing tort, the tort was
complete when Patton's claim was denied. No separate cause of action can be maintained against
Auvenshine for continuing the denial. Therefore, Patton's third and fourth points of error are also
overruled.



CONCLUSION


 Having overruled all of Patton's points of error, we affirm the trial court's
judgment.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: March 10, 1993

[Do Not Publish]